TOWNSEND *v.* MARTIN.

Decided December 5, 1891.

1. *Tax sale—Notice.*

The statute which prescribes that the list of delinquent lands shall be published "weekly for two weeks" (Mansf. Dig., sec. 5762, as amended by acts of 1885, p. 45), intends that the first insertion of the notice should be made two full weeks before the day of sale. Non-observance of this requirement tends to deprive the land-owner of a substantial right and renders the sale void.

2. *Tax title—Defense—Section 5782, Mansf. Dig. construed.*

Section 5782 of Mansf. Dig. which provides in substance that one who attacks a tax title claimed under a county clerk's deed shall not be allowed to prove any defect in the tax proceeding not mentioned in that section, is limited in its operation to deeds made by the clerk and does not embrace deeds made by the commissioner of state lands.

3. Stare decisis—*Section 5791, Mansf. Dig. construed.*

The doctrine in *Radcliffe* v. *Scruggs*, 46 Ark., 96, that section 5791 of Mansf. Dig. (which provides that actions to test the validity of tax proceedings shall be commenced within two years from the date of sale) should not be construed to cut off any meritorious defense to a tax deed, such as failure to publish notice of the sale for the full term required by the statute, has become an established rule of property which will not be disturbed.

APPEAL from *Faulkner* Circuit Court.

JOSEPH W. MARTIN, Judge.

In January, 1889, Martin brought ejectment against Townsend and others for the possession of various tracts of

land, including the land involved in this appeal, which he claimed under a deed of the commissioner of state lands based upon a forfeiture to the State for the non-payment of the taxes of 1884. It was proved that, in advertising the lands delinquent for that year, two insertions of the notice of sale were made in the newspaper, on the 14th and 21st of May, 1885, respectively; and that the sale was on the 25th day of May, of the same year, the first insertion being less than two weeks from the day of sale. Judgment was for plaintiff.

*Sam Frauenthal* for appellants.

1. The failure to advertise the tax sale for the time prescribed by law is fatal. Mansf. Dig., sec. 5762; Acts, 1885, p. 45, sec. 3. Two weeks are fourteen days. 30 Ark., 661. When the notice is for less than the statutory time, it is fatal to the sale. Cooley on Taxation (2d ed.), 484; 16 How., 610; 54 Md., 454; 30 Kas., 199; 1 Blackwell on Tax Titles, secs. 430, 440; 34 Fed. Rep., 701; 42 Ark., 77.

2. This defect is not cured by sec. 5782, Mansf. Dig. That section only applies to *deeds* executed by the county clerk. The only section referring to the character of title in this case is sec. 5784. But if sec. 5782 applies, it only makes the deed *prima facie* evidence. 32 Ark., 141; 15 *id.*, 331; *ib.*, 363; 21 *id.*, 378; 29 *id.*, 489; 31 *id.*, 491; 33 *id.*, 478; 35 *id.*, 305. This court in 46 Ark., 96, only reaffirmed the construction given in the cases cited *supra.* Under this and previous decisions it is held: " No exception can be taken to a deed except such as shall apply to the real merits of the case. 13 Ark., 242; 21 *id.*, 580.

3. Section 5791 cannot be held to cure fatal defects. 2 Black., Tax Titles, sec. 950; Cooley, Tax. (2d ed.), 306; 129 Mass., 559; 20 Blatch., 341; 31 N. W., 271; 54 Md., 454; 14 Ill., 223; 74 Ill., 384.

4. In 34 Fed. Rep., 701, this precise question was passed upon, and it was held that a failure to advertise for the full time was a meritorious defense.

*Ratcliffe & Fletcher* for appellee.

There are authorities which hold that the failure to advertise the full number of days required by the statute invalidates the sale; but none of them have reference to a statute like ours. If sections 5782, 5791, be constitutional, this objection becomes a mere irregularity, which is cured by failure to assert it within two years from date of sale. Cooley on Tax. (2d ed.), 306, refers only to *retrospective* statutes. See upon these statutes, 17 Wis., 591; 53 Ill., 483; Cooley, Tax. (2d ed.), 310, note. All constitutional and substantial rights are secured to the property owner when he is permitted to show " that he owed no tax ; that his land was not taxable ; that he had paid what was due, or that he had redeemed his land after sale." All these rights and more are reserved by our statute. 42 Ark., 77, is not out of harmony with this proposition.

COCKRILL, C. J. Martin brought this action of ejectment against Townsend for the possession of a tract of land in Faulkner county, basing his claim of title upon a land commissioner's deed to lands forfeited to the State for the non-payment of taxes. The trial resulted in a judgment for Martin.

1. Notice of tax-sale. The notice for the sale upon which the forfeiture to the State is based was not published for the full time prescribed by the statute by three days. It is conceded that that fact is established by the record. The previous decisions of this court upon the subject of tax titles are uniform to the effect that failure on the part of an officer engaged in the proceedings devised for raising the revenue to observe a requirement of the statute, the non-observance of which tends to deprive the land owner of a substantial right, will avoid the deed. The rule was clearly formulated by Judge Scott in *Patrick* v. *Davis*, 15 Ark., 363. It had been enforced in previous cases, and has been steadily adhered to since. Notice of the intended sale is of the first importance to the owner, for the reasons assigned in *Patrick* v. *Davis*, 15 Ark.,

*supra,* and in *Thweatt* v. *Black,* 30 *id.,* 739. The failure therefore to give notice in the manner or for the length of time prescribed by statute is prejudicial to the owner's interest and will avoid the sale. Cases *supra;* Cooley, Tax., 484.

Counsel for Martin concede that the application of the rule which has governed previous cases will defeat his title, but they contend that the legislature has established a different rule which cuts off all defenses except such as go to the foundation of the power to sell. The provisions of the statute relied upon are two sections from the revenue act of 1883, Mansf. Dig., secs. 5782 and 5791. The act provides that when lands are struck off to an individual at tax sale, the collector shall deliver to him a certificate of purchase (Mans. Dig., 5770); and if the lands are not redeemed at the end of two years, the clerk of the county court is required, upon the surrender of the certificate of purchase, to execute to him a deed in the form prescribed by section 5780 of Mansfield's Digest.

Section 5782—the first of those relied upon by the appellee—provides that no one who attacks a title claimed "under or by virtue of a deed executed substantially as aforesaid" (that is, as in secs. 5780-1) " by the clerk of the county court" shall be allowed to prove any defect in the tax proceedings except such as is set forth in that section— the one here found to exist not being among them.

<span style="float:right">2. Construction of section 5782, Mansf. Dig.</span>

When the State becomes the purchaser, the clerk is required to record the fact in a book kept for that purpose; and when the time for redemption has expired, the following provision governs, viz.: " The clerk shall make out a certificate of sale to the State for all lands purchased by the State, as shown by the records of such tax sale in his office, which have not been redeemed, and state therein the amount of the taxes, penalty and costs thereon, and cause the same to be recorded in the recorder's office of the county, and thereupon the title to all lands embraced in such certificate shall vest in the State, and the clerk shall immediately trans-

mit such certificate to the commissioner of state lands, and thereupon such lands shall be subject to disposal, as other forfeited lands shall be." Mansf. Dig., sec. 5784. The provisions governing the deed executed by the land commissioner to a purchaser from the State are found in section 4246 of the same digest. There is no provision in the statute expressly attempting to cut off any meritorious defense that may exist against a title claimed under a land commissioner's deed. *Scott* v. *Mills*, 49 Ark., 266.

But it is argued that the certificate of sale executed by the clerk to the State is exactly equivalent to the deed executed by him to the purchaser, and that therefore section 5782 should be held to apply to it.

The certificate of sale was certainly intended as the State's evidence of title, and to that extent operates as a deed would, notwithstanding it contains no granting clause or words of conveyance. It was competent for the legislature, if it had seen fit—notwithstanding the difference in form and of nomenclature—to give to the clerk's certificate of sale whatever conclusive effect it could give to the clerk's deed. But the question is, has it done it? By the express terms of the section relied upon, the limitation upon the right to defeat a tax title is confined to a title claimed under a deed executed by the clerk in substantial compliance with the provision of the act governing the execution of such deeds, and it is silent as to the effect of a certificate, except that it is declared that the certificate shall operate as a conveyance.

In South Carolina, the statute required the county auditor (who stands for our county clerk in this case) to execute a deed to the individual purchaser and a certificate to the State, as our statute does. The statute declared also that the deed executed by the clerk should be *prima facie* evidence of the title, but was silent as to the certificate of sale executed to the State. In disposing of the question whether the State's certificate was also *prima facie* evidence of title, the Supreme Court of South Carolina used the following

language which is appropriate to this case : "The General Assembly in its wisdom saw proper to make the deed of the auditor *prima facie* evidence of title as to delinquent lands sold by him in express terms as found in the one hundred and sixteenth section of the act of 1874. They also saw proper to leave those words out in the one hundred and seventeenth section, where the land was forfeited to the State for the want of bidders. We have the power to construe and interpret doubtful and analogous phrases and words in an instrument brought before us, so as to reach its true intent and meaning, but we have no power to interpolate or insert words not used ; especially should we be restrained in a case like this, where the words in question are expressly incorporated in one section and left out in the other. We must suppose that the legislature intended, for some good and sufficient reason, that the purchasers at delinquent land sales should stand *prima facie* upon the deed of the auditor, while in the case of the stringent doctrine of forfeiture it was the intention that the State should be required to make out its case." *State* v. *Thompson,* 18 So. Car., 538.

In the case of *De Treville* v. *Smalls,* 98 U. S., 517, which is relied upon by the appellee, the Supreme Court of the United States held that the presumptive effect which was given to a certificate of purchase issued to an individual applied also to a similar title held by the United States ; but that was because the act of Congress contemplated that a certificate of purchase should issue to the purchaser whether he was an individual or the United States, and gave to the certificate a *prima facie* effect, by whomsoever held. The pivotal question in the case was, whether a certificate should issue when the United States became the purchaser. If our statute should be construed as requiring the clerk to execute to the State a deed such as is required by section 5780, the case would be in point. But such a construction is not contended for.

In the case of *Martin* v. *Barbour,* 140 U. S., 634, the Supreme Court of the United States construed section 5782 of

our statute as being limited in its operation to deeds made
by the county clerk. We concur in that exposition of the
statute.

8. Sec. 5791,   The substance of the other section relied upon is that the
Mansf. Dig.,
construed.    sale shall be impervious to attack for any cause whatever
after the lapse of two years. Mansf. Dig., sec. 5791. It has
been upon the statute books continuously since the enact-
ment of the revenue law of 1869. It was first considered by
the court in the case of the *Cairo & Fulton R. Co.* v. *Parks,*
32 Ark., 131, in 1877, when it was announced that the provis-
ion had not the effect to cut off any meritorious defense to
the tax deed. After that decision numerous cases came to
this court in which the land owner was permitted to avoid
the tax title for irregularities in the tax proceedings which
are not regarded as fundamental, without making any ref-
erence to the statute, until the case of *Radcliffe* v. *Scruggs,*
46 Ark., 96, was reached, at the November term, 1885. It
was there explained that the provision could not be held to
operate as a statute of limitation, and that it was beyond the
power of the legislature otherwise to cut off the right to
show that fundamental defects existed in the tax proceed-
ings under which the lands were forfeited. As the provis-
ion could not have the sweeping effect its terms imported,
the question was, what effect should it have? In view of
the numerous decisions of the court limiting attacks upon
tax titles to such only as were meritorious, a course of de-
cision which, as was suggested by the court in *Cairo & Ful-
ton R. Co.* v. *Parks,* 32 Ark., *sup.,* had then by long adherence
became a rule of property, it was announced that the pro-
vision under consideration should have no wider scope.

The State's title in this case was acquired after the decis-
ion in *Radcliffe* v. *Scruggs,* which, as we have seen, was one
construing a statute, and was the culmination of a series of
decisions under the same statute, recognizing the rule there
announced. The rule was one upon which property rights
were annually based. It is a familiar rule of courts that it
is more important that such questions should be finally set-

tled than how settled.  *Taliaferro* v. *Barnett*, 47 Ark., 359.
The land owner in this case was justified therefore in relying
upon the stability of the rule that the statute under consid-
eration would not deprive him of any meritorious defense
which threatened his title.  It is not necessary to inquire
whether the decisions construing the statute became a part
of it so as to invest one who acted in reliance upon them
with rights which the subsequent overruling of those decis-
ions cannot disturb; for, if the land owner in this case would
not be protected against the retroactive effect of the over-
ruling or new decision, the injustice of the rule thereby estab-
lished would remain; and it was the fear of working injustice
that gave rise to the doctrine of *stare decisis*.  That doctrine
must rule this case.  As we should decline to disturb the
established rule, we decline to enter upon the consideration
of the question whether it is well founded or not.

The power of the legislature to enact that no irregularity
shall avoid a tax sale except such as is fundamental, is fully
recognized in *Radcliffe* v. *Scruggs, sup.*, and *Barton* v. *Lat-
tourette, ante,* page 81, but the provision under consideration
cannot have that effect in this case.

For the error indicated the judgment must be reversed,
and the cause remanded for further proceedings.  It is so
ordered.