## MARTIN *v.* ALLARD.

Decided December 12, 1891.

*Tax sale—Publication of notice—Clerk's certificate.*

The statute requires the list of delinquent lands and the notice of sale to be recorded by the clerk, with a certificate showing in what newspaper it was published, and the date of publication, and for what length of time; and provides that the record so certified shall be evidence of the facts therein contained (Mansf. Dig., sec. 5763.) *Held*, the record alone can be looked to as evidence of the fact of publication; hence where the clerk failed to certify the publication of the notice, the tax sale is void.

APPEAL from *Garland* Circuit Court in chancery.

J. B. WOOD, Judge.

*U. M. & G. B. Rose* for appellant.

1. By section 5782, Mansf. Digest, it is provided that in order to defeat a tax title certain fundamental defects must be shown, among which is an *entire* omission to give notice, etc. By section 5791 a two years' limitation is provided, within which irregularities or informalities must be set up. By section 4246 land commissioner's deeds are made evidence of title. 49 Ark., 266. The statute was construed in 46 Ark., 96, and it was held the statute runs from the date of sale, and that all objections, except to fundamental defects destroying the power to sell, must be made before the execution of the deed. These jurisdictional defects are expressed in section 5782; all others are mere irregularities. The legislature may dispense with any prerequisites of its own creation, or it may heal them by lapse of time. 46 Ark., 107; 17 Wis., 573; 93 U. S., 389; 37 Iowa, 93; 41 Iowa, 470; 98 U. S., 517; 99 *id.*, 441; *ib.*, 497; 122 *id*, 154;

13 S. & R., 370; 14 *id.*, 346; 4 W. & S., 269; 55 Miss., 1, 18; 18 Ohio, 407; 2 Sneed, 569; 42 Mo., 163. The legislature may validate retrospectively the proceedings which they might have authorized in advance. See Cooley, Tax., 305; Welty on Assessments, sec. 232; 2 Desty on Tax., 953; 2 Blackwell, Tax Titles, sec. 1146.

2. The notice was published for the full period required by law. The *fact* of publication is the material thing, and the *form* of the proof is unimportant. 22 Minn., 178. The sale is valid if *any* notice was published at all. Mansf. Dig., sec. 5782; 46 Ark., 108. The statute is a standing notice. 14 S. & R., 346; 17 Wis., 571.

*L. Leatherman* for appellees.

1. Even though the commissioner's deed be *prima facie* evidence as to the regularity of the steps taken, there is in the record proof of *fundamental* defects which show the invalidity of the sale. 8 S. W. Rep., 22; 37 Ark., 643. A strict compliance with the laws alone can divest the title for non-payment of taxes. 10 Cal., 632; 13 *id.*, 609; 7 Leigh, 24; 1 Munf. (Va.), 419; 25 Me., 359; 30 W. Va., 176; 2 Yates, Pa., 100.

2. Section 5791 does not apply to matters of defense. 11 Minn., 495.

3. Section 5782 cannot cut off a defense for fundamental defects, or cure them. 32 Ark., 308, 386; 46 *id.*, 96; 8 S. W. Rep., 22; 18 How., 137; 4 Wheat., 77; 5 *id.*, 116; 6 *id.*, 119. It is not in the power of the legislature to deprive one of his property by making his adversary's claim *conclusive of its own validity*, as is attempted by section 5782. Cooley on Taxation, 521; 13 Mich., 329; 21 Iowa, 70; 16 Mich., 13; 23 Ind., 46; 46 Mo., 291; 56 Ala., 121; 11 Minn., 480, 495; 3 Neb., 349; 46 Ark., 105; Cooley on Const. Law, 368; Black on Tax Titles, sec. 253*a*.

3. Proof of the notice of sale is required to be made a matter of record. It cannot be supplied by proof otherwise. Black on Tax Titles, secs. 83, 84, 86; 6 Yerg., 311;

7 *id.*, 143; Cooley, Tax., sec. 86; 9 Minn., 212; 30 Ark., 732, 661; 42 N. W. Rep., 802.

4. A sale for excessive taxes is void. 36 Mich., 215; 19 Wis., 634, 644; 51 Cal., 637; Cooley on Tax., 497, 511; Black. on Tax Titles, secs. 99, 101; 29 Ark., 489; 22 *id.*, 556; Desty, Tax., p. 867.

*Jno. M. Harrell* also for appellees.

COCKRILL, C. J. This is a suit by Martin, the appellant, to confirm a tax title, under chapter 23 of Mansfield's Digest. A number of persons intervened and defended. There was a trial and the court decreed against Martin's title. He has appealed, and the question is, ought his claim of title to be confirmed?

There were as many defenses as there were claimants of the land. A defense common to all was that the lands were not advertised for sale for non-payment of taxes for the time required by law. If that is a fact, the plaintiff's title must fail. *Townsend* v. *Martin, ante*, p. 192.

The statute prescribes that the list of lands delinquent for non-payment of taxes shall be published for two weeks between certain specified dates, with a notice of the intent to sell them. Mansf. Dig., sec. 5762. It requires the clerk of the county court to record the list and notice of sale in a book to be kept in his office for that purpose, with a certificate showing in what newspaper it was published, for what length of time, and the date of publication. *Ib.*, sec. 5763. The statute denominates this entry a record; it requires that it shall be made by the clerk before the sale, and provides that it shall be evidence of the facts it recites. *Ib.*, sec. 5763.

In this case there is no record certificate by the clerk of the publication of the notice of sale. The proof of publication by the publisher of the paper, required by section 4359 of Mansfield's Digest, was not made or filed with the clerk until after this suit was instituted. That proof of publication shows that the notice was published less than two weeks

prior to the sale. It could not, therefore, in any event aid. the plaintiff's case. *Townsend* v. *Martin, supra.*

But the publisher of the newspaper testified that the notice of sale was published three times in his paper instead. of two as he had set forth in the proof of the defective publication above referred to, and for more than two weeks before the sale ; and he says that, " to the best of his recollection, each publication was the same as that mentioned in his proof of publication." There is no showing that they were in fact the same. But conceding that the publisher's testimony goes to the extent of proving that the notice of sale was published as the law requires, the question is whether it is competent to establish the fact in that way.

It is a general rule that where the statute requires evidence of a fact to appear of record, the record alone can be looked to as evidence of the fact. The rule was established by this court in the case of *Gregory* v. *Bartlett, ante*, p. 30, where the jurisdiction of a court of record depended upon a fact which the statute required to be shown by the record, but which did not so appear. The case of *Gibney* v. *Crawford*, 51 Ark., 34, affords a further illustration of the rule, and is a case in point. The case arose from an effort on the part of Clark county to call in its warrants for re-issue or cancellation. As a prerequisite to a valid order to call in warrants for re-issue and to bar those not presented, notice by publication in a newspaper and by posting was required by statute. The officer who posted the notices was required to make a return of the fact in writing, and to file his return with the clerk of the county court. In the case referred to he made no return. An effort was made however, as in this case, to show by parol that the notices were in fact posted, but the court refused to consider the testimony offered for that purpose, saying that " facts which should be of record cannot be proved by parol."

The identical question here presented arose in the circuit court of the United States for the eastern district of Arkansas, in a suit by the appellant in this case to confirm a tax.

title depending upon the forfeiture now under consideration, where the same effort was made to supply the defect in the tax record by the testimony of the publishers of the newspapers. The circuit court rejected the testimony, and the ruling was affirmed on appeal to the Supreme Court of the United States, where it was said: "The provision (section 5763 Mansfield's Digest) is a peremptory one, and it cannot be dispensed with, without invalidating the proceeding"—that is, the tax sale. *Martin* v. *Barbour*, 140 U. S., 634; S. C. 34 Fed. Rep., 701.

That conclusion follows from the authorities before cited. The appellant's title therefore fails, and the judgment will be affirmed.