## GATES *v.* KELSEY.

### Opinion delivered April 15, 1893.

*Tax-title—Limitation.*

The holder of a tax-title which is in fact void, though valid on its face, is not in constructive possession where the lands are not in fact occupied or in the actual possession of any one after the tax sale, and does not acquire title by limitation, under Mansf. Dig., sec. 4475, providing that no action shall be maintained to recover lands sold for taxes unless plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the land within two years before the commencement of the action.

Appeal from Prairie Circuit Court in Chancery, Southern District.

GRANT GREEN, JR., Judge.

Suit by F. Gates against C. E. Kelsey and another to quiet title to land. Defendants recovered judgment; plaintiff has appealed. The case is stated in the opinion.

*Morris M. Cohn* for appellant.

Gates, being the owner of the land, under a tax deed valid on its face, is constructively in possession of the lands, and after two years the appellees were barred. 32 Wis. 281; 18 *id.* 268; 59 *id.* 465; 18 N. W. 435; 32 *id.* 478. Gates' tax deed, after two years, is *conclusive* by *limitation.* Gantt's Dig. sec. 4117; Mansf. Dig. sec. 4475; 38 Ark. 181; 48 *id.* 312. In States where a similar statute is in force, the fullest effect is given it as a statute of limitation. 106 U. S. 379, 383; 47 Wis. 184; 2 N. W. 77; 48 *id.* 1065; 50 *id.* 591; 32 Wis. 281; *ib.* 478; 32 Ark. 152.

*P. C. Dooley* for appellees.

1. The tax deed is void for irregularities.

2. The statute does not cut off meritorious defenses. 55 Ark. 194; 15 *id.* 363; 46 Ark. 96; 50 *id.* 390; 53 *id.* 204; 32 *id.* 131.

3. Appellant has never been in adverse possession of the land, which was necessary to put the statute in motion.

BATTLE, J. The appellant claims the land in controversy under a tax sale. He admits that the sale was illegal, but contends that the deed, under which he claims, shows upon its face that it was valid. The land has been wild and actually unoccupied since the sale. But he insists that he has been in the constructive possession of the same for the full period of two years before the commencement of this action, and has thereby acquired the title.

The statute upon which he bases his contention is as follows: "No action for the recovery of any lands, or for the possession thereof against any person or persons, their heirs or assigns, who may hold such lands by virtue of a purchase thereof at a sale by the collector or commissioner of State lands, for the non-payment of taxes, or who may have purchased the same from the State by virtue of an act providing for the sale of lands forfeited to the State for the non-payment of taxes, or who may hold such lands under a donation deed from the State, shall be maintained, unless it appears that the plaintiff, his ancestor, predecessor or grantor, was seized or possessed of the lands in question within two years next before the commencement of such suit or action." Mansf. Dig. sec. 4475.

He insists that, his deed being good on its face, this statute gave him constructive possession of the land for the two consecutive years it was unoccupied before the commencement of this suit, and by limitation has vested him with title. To support this contention he cites cases in which statutes of the States of Iowa and Wisconsin were construed by the courts: *Geekie* v. *Kirby Carpenter Co.* 106 U. S. 379, 383; *Milledge* v. *Coleman*, 47 Wis. 184; *Waggoner* v. *Mann*, 48 N. W. 1065; *Oconto Co.* v. *Jerrard*, 50 N. W. 591; *Lawrence* v. *Kenney*, 32 Wis. 281; *Austin* v. *Holt*, 32 Wis. 478.

In the States mentioned the law provided that actions to recover lands sold for taxes must be brought within a specified time after the deeds were recorded. In these States the courts held that, when the land is unoccupied, the holder of the tax title, if the deed is valid on its face, has constructive possession, and that the owner of the original title is barred from recovering the land if he fails to sue for it within the statutory period. *Moingona Coal Co.* v. *Blair*, 51 Iowa, 447; *Lewis* v. *Soule*, 52 *id.* 11; *Goslee* v. *Tearney*, *ib.* 455; *Bullis* v. *Marsh*, 56 *id.*

747 ; *Knox* v. *Cleveland*, 13 Wis. 245 ; *Parish* v. *Eager*, 15 Wis. 537 ; *Jones* v. *Collins*, 16 Wis. *603 ; *Lawrence* v. *Kenney*, 32 Wis. 296 ; *Hill* v. *Kricke*, 11 Wis. 446 ; *McMillan* v. *Wehle*, 55 Wis. 685. They held that the recording of the deed, if good upon its face, is not only "a challenge of the right of the original owner and all opposing claimants," but is "notice to them of its existence and presumed validity ; that the grantee is presumed to be the real owner, and upon this presumption he" can safely act, "until it is attacked, either by an actual hostile occupancy, or the commencement of an action ;" that "the original owner and those claiming adversely" being authorized "to commence the action and show the defect in the proceedings upon which the deed" is based, if any exists, their failure to do so within the allotted time must be deemed an admission of the correctness of the "tax" proceeding ; and that "they cannot afterwards, without the consent of the grantee, be permitted to impeach them." The result of this doctrine was that the recording of such a deed drew to those holding under it constructive possession of the land conveyed, in case it was unoccupied or was not in the actual possession of either party, and that the statutes of limitations in such case, if the sale was illegal, created a cause of action in favor of the original owner against the holder of such tax title, and commenced running against it from the time the deed was recorded. *Knox* v. *Cleveland*, 13 Wis. 245, 252 ; *Jones* v. *Collins*, 16 Wis.*603.

In the States where the statutes of limitation require actions to be brought within a certain time after a particular act, as the day of sale or record, the statutes are generally held to commence running, if they have any effect, according to their words. *Kessinger* v. *Wilson*, 53 Ark. 406, 410. Under all other statutes the period of limitation begins at the time the cause of action accrues ; and as to land it does not accrue until there is

an adverse possession. The rightful owner is deemed to be in possession until he is ousted or disseized. Possession follows the title, in the absence of any actual possession adverse to it. *Ringo* v. *Woodruff*, 43 Ark. 485; *Bradley* v. *West*, 60 Mo. 40; *Clarke* v. *Courtney*, 5 Pet. 319; *Peyton* v. *Stith*, *id.* 493; *Barrett* v. *Love*, 48 Iowa, 115.

A tax deed, if valid upon its face, is only *prima facie* evidence of title. It may be shown to be void by evidence *aliunde*. If the land was sold for taxes or costs not properly chargeable against it, it is void. *C. & F. R. Co.* v. *Parks*, 32 Ark. 131; *Rogers* v. *Kerr*, 42 Ark. 100; *Hodgkin* v. *Fry*, 33 Ark. 716; *Worthen* v. *Badgett*, 32 Ark. 496; *Goodrum* v. *Ayers*, 56 Ark. 93.

Under the general rule the holder of a tax deed is not in constructive possession of the land, in case it is unoccupied or not in the actual possession of any one, if it can be shown that the sale is void. Does the statute relied on by appellant make an exception? It provides that " no action for the recovery of any lands or for the possession thereof, against any person or persons, their heirs or assigns, who may *hold* such lands by virtue of a purchase thereof at a sale by the collector or commissioner of State lands, for the non-payment of taxes, * * * shall be maintained, unless it appear that the plaintiff, his ancestor, predecessor or grantor was *seized or possessed* of the land in question within two years next before the commencement of such suit or action." Only two classes of persons are affected by it: the defendant " who may hold," and the plaintiff who is disseized or dispossessed. No date, as the day of sale or record, is specified from which it must run. There is only one fact mentioned in it which can defeat the recovery of land illegally sold for taxes, and that is the fact that the plaintiff, his ancestor, predecessor or grantor, was not seized or possessed of the lands in question within

two years next before the commencement of such suit or action. The statute necessarily implies that, if he was seized or possessed within the two years, he can recover. In other words, it makes the disseizure and dispossession of the true owner for two consecutive years a bar. It is the only fact, under the statute, which can defeat him in an action to recover. There is nothing in the statute which constitutes any act a disseisin. The general rule governs, and constructive possession follows the title. There is only one way in which he can be disseized or dispossessed by an illegal sale for taxes, and that is adverse possession. Two years adverse possession is, therefore, necessary to constitute a bar under the two years statute.

Affirmed.