## HEWETT v. OZARK WHITE LIME COMPANY.

### Opinion delivered November 8, 1915.

1. TAX SALES—DESCRIPTION.—A tax sale will be declared void when the property is described as "W. pt. S. E. S. E. 20-20-33, 7-60 acres."

2. TAX SALES—CERTIFICATE OF CLERK.—The failure of the clerk to make the certificate provided for in Kirby's Digest, § 7086, with reference to publication of the delinquent list, is fatal to the validity of a tax sale.

3. TAX SALES—VALIDITY—TWO YEAR STATUTE—JURISDICTIONAL QUESTION.—Section 7114, Kirby's Digest, limiting the time for bringing actions to test the validity of a tax sale, does not apply to jurisdictional matters or vital defects in the proceedings relating to a tax sale, but only to irregularities.

Appeal from Benton Chancery Court; *T. H. Humphreys,* Chancellor; affirmed.

*Walter Mathews,* for appellant.

1. The notice of the sale of the land was actually published, but the certificate of the clerk at the end or foot of the delinquent list does not show that fact. The failure of the clerk was a mere irregularity or omission of duty, from taking advantage of which appellee is barred by the two years' statute of limitation. Kirby's Dig., § 7114; 46 Ark. 96.

2. The description of the land is sufficiently definite for a surveyor to take the deed and locate and identify it by reference to the description in the deed, and is sufficient. 2 Tiffany, Modern Law of Real Property, 881.

*McGill & Lindsey,* for appellee.

1. The tax deed is void for want of a proper description. 50 Ark. 484; 62 Ark. 188; 77 Ark. 570; 83 Ark. 334; 56 Ark. 172; 69 Ark. 357; 64 Ark. 432; 99 Ark. 154.

2. The tax sale was void for want of the clerk's certificate of publication. 55 Ark. 218; 65 Ark. 395; 68

Ark. 248; 74 Ark. 583; 80 Ark. 31; 81 Ark. 296; 84 Ark. 1. The two years statute of limitation relied on by appellant has no application where the tax deed is void for want of a proper description.    77 Ark. 570; 93 Ark. 176.

McCULLOCH, C. J.    (1)    This is an action in the chancery court to cancel a tax deed under which appellant claims title to the land in controversy, which is described in the tax proceedings and in appellant's deed as "W. pt. S. E. S. E. 20-20-33, 7-60 acres." The assessment was in the name of "unknown" owner. Appellee was the owner of the land, and the only question involved is as to the validity of the tax sale, which is attacked on the ground that the description is insufficient, and also because the clerk of the county court failed to make a certificate on the record of the delinquent list, as required by the provisions of section 7086 of Kirby's Digest, "stating in what newspaper said list was published, and the date of publication, and for what length of time the same was published before the second Monday in June then next ensuing."

(2)    The tax sale was void upon both of the grounds of attack, and the chancery court was correct in cancelling it.    The description of the land is identical with the description in *Schattler* v. *Cassinelli,* 56 Ark. 172, where this court held that the defective description invalidated the sale.    This court has repeatedly held that the failure of the clerk to make the certificate provided for in section 7086 of Kirby's Digest is fatal to the validity of the tax sale.    *Martin* v. *Allard,* 55 Ark. 218; *Hunt* v. *Gardner,* 74 Ark. 583.

(3)    Appellant relies upon section 7114 of Kirby's Digest, which provides that "actions to test the validity of any proceeding in the appraisement, assessment or levying of taxes upon any land or lot, or part thereof, and all proceedings whereby is sought to be shown any irregularity of any officer, or defect or neglect thereof, having any duty to perform, * * * in the assessment, appraisement, levying of taxes or in the sale of lands or

lots delinquent for taxes, * * * shall be commenced within two years from the date of sale, and not afterwards."

"It has been held that that section does not apply to jurisdictional matters or vital defects in the proceedings relating to a tax sale, but only to irregularities. *Radcliffe* v. *Scruggs,* 46 Ark. 96; *Taylor* v. *Van Meter,* 53 Ark. 204; *Townsend* v. *Martin,* 55 Ark. 192. In the case last cited above, the court held that that statute had no reference to a defect in the publication of notice. In subsequent cases the court has construed the statute requiring the clerk to make certificate of publication as being for the benefit of the land owner so as to provide a definite and certain place to obtain information whether or not his land is to be sold, and that construction of the statute leads inevitably to the conclusion that the omission to comply with the statute is such a defect that is not cured by the two years statute of limitation prescribed in section 7114 of Kirby's Digest.

Decree affirmed.