Pride *v.* Gist.

Opinion delivered December 14, 1925.

TAXATION—RECOVERY OF LAND FROM TAX PURCHASER—ADVERSE POSSESSION.—Under Crawford & Moses' Dig., § 6947, providing that no action for the recovery of the possession of land against a person having a tax deed unless the plaintiff was seized thereof within two years next before commencement of such suit, *held* that occasional disconnected acts of ownership on the part of a tax purchaser, such as cutting timber for a few days, cutting a way for a fence and removing a house, are insufficient to dispossess the owner of the land or bar his action for its recovery.

Appeal from Little River Circuit Court; *B. E. Isbell*, Judge; reversed.

*A. D. DuLaney,* for appellant.

SMITH, J. Appellants, who owned the legal title to an eighty-acre tract of land in Little River County, sued appellee in ejectment to recover possession of the land. The land had forfeited to the State, and on May 7, 1919, appellee obtained a deed from the State Land Commissioner. This suit was originally begun May 31, 1921, and at the first trial thereof in the circuit court a verdict was directed in appellee's favor upon the ground that the suit had not been brought within two years of the date of the commissioner's deed, as required by § 10119 C. & M. Digest. Upon appeal to this court we held that the tax sale under which the land forfeited to the State was void, and that § 10119, C. & M. Digest, did not apply. There was some testimony tending to show that appellees had had two years' possession of the land under the commissioner's deed, and title was claimed by virtue of this possession under § 6947, C. & M. Digest. We held that this was a question of fact for the jury, and we remanded the cause for a trial on the issue of possession. *Pride* v. *Gist,* 152 Ark. 368.

Upon the remand of the cause the case was submitted to a jury upon this issue of fact, and there was a verdict and judgment for appellee, from which is this appeal.

Numerous assignments of error are discussed relating to the admission and exclusion of testimony at the trial below, and to the giving and refusal to give certain instructions; but we do not consider these questions for the reason that in our opinion the testimony did not show such possession on the part of appellee as to entitle him to the benefit of § 6947, C. & M. Digest. This failure of proof was one of the grounds of the motion for a new trial.

By § 6947, C. & M. Digest, it is provided that no action for the recovery of the possession of any lands against a person having a tax deed thereto may be maintained unless the plaintiff in such suit, his ancestor, predecessor, or grantor, was seized of the lands in ques-

tion within two years next before the commencement of such suit.

In the former opinion in this case we cited a number of the leading cases in which this section of the statute had been construed, and these cases need not be reviewed here. Their holding was to the effect that two years' actual adverse possession under a tax deed based upon a void tax sale would bar the action of the original owner to recover the land, but that this possession must be actual and continuous. In our view the testimony at the trial from which this appeal comes is not sufficient to meet this requirement.

It was shown that about thirty-five acres of the land had at one time been cultivated, but it had not been cultivated for the eight years immediately preceding the trial in the court below. The land had once been fenced, but the fence had fallen down and was not rebuilt by appellee. There was a house on the land, but it was in bad repair and appellee began in December, 1920, to tear down and to remove the house, and he finished moving it in 1921. Appellee cleared a few acres of an old field by cutting the brushes which had grown up on it, and he cut and sold a quantity of timber from it. After moving the house appellee and his son cut out a way for a fence and built a fence on two sides of the land, but no inclosure was made. This was done in the fall of 1920.

It appears that appellee's first entry on the land was in the fall or winter of 1920, and, of course, his possession of the land could not have begun prior to that event, and this suit was brought within two years of that date. Moreover, we think there was never such possession of the land as is required by law to bar the owner of the land from attacking a deed based on a void tax sale. There appears to have been only occasional, disconnected acts of ownership, such as cutting timber for a few days, and at another time a few days were spent in cutting a way for a fence, and a house was removed. A fitful, disconnected possession of this kind is insufficient under

the cases cited in the opinion on the former appeal to bar appellants' suit under § 6947, C. & M. Digest, and the trial court should have so instructed the jury.

It is stipulated that a proper tender was made appellee before the institution of the suit, and, as the case appears to have been fully developed, the judgment of the court below will be reversed, and the cause remanded with directions to enter a judgment in appellants' favor for the possession of the land.