JOHNSON *v.* JOHNSON.

4-7483.                                    183 S. W. 2d 783

Opinion delivered December 4, 1944.

*Wilson & Wilson,* for appellant.

*O. E. Westfall,* for appellee.

Robins, J. This is a controversy as to ownership of a 69-acre tract in Ouachita county, Arkansas. Appellees, Leroy Johnson and Allie Mae Hall, claim the land under a deed executed to them by the purchaser at a delinquent tax sale in 1936. Appellants assert that they and appellees own same as tenants in common by inheritance from Emaline Johnson, mother of some of the parties to the suit and grandmother of the remainder, and appellants allege that the acquisition of the tax title by said appellees amounted to a redemption and furthermore that the tax sale was invalid.

Emaline Johnson purchased the land involved in this suit in 1917, at which time she moved on the land and she remained in possession thereof until her death, which occurred on July 11, 1942. She failed to pay the taxes due thereon for 1935 and the land was sold by the collector at the delinquent tax sale in 1936 to Thomas H. Wagner. There was never any confirmation of this tax sale. Wagner conveyed the land by quitclaim deed on January 31, 1942, to appellees, Leroy Johnson and Allie Mae Hall, who, with appellee, Janie Hubbard, were the children of Steve Johnson, deceased, and grandchildren of Emaline Johnson.

Emaline Johnson left surviving her as her heirs at law the said appellees and appellee, Mary Johnson, and the appellants, Joe Johnson and Louis Johnson, who were her children, and appellants, Nathan King, Cora King, Jimmie Lee Morgan, Eddie Lee Morgan, Anna Lee Morgan, Nannie Lee Morgan, Hezikiah Johnson and Luther Johnson, who were her grandchildren.

In their complaint filed in the lower court on November 11, 1942, appellants prayed for cancellation of the tax title, and for partition of the land amongst appellants and appellees, as heirs at law of Emaline Johnson in accordance with their respective interests therein. Appellants alleged that the sale of the land to Wagner for taxes was void, because of defects in the proceedings of the county officers preceding and incident to the tax sale, and they further alleged that in any event the purchase of the land from Wagner by appellees, Leroy Johnson and Allie Mae Hall, amounted to a redemption for the benefit of all the heirs of Emaline Johnson.

The lower court found: First, that the purchase by said appellees did not amount to a redemption; and, second, that though "the tax sale was apparently void," yet, since Emaline Johnson did not in her lifetime attack the tax sale or have it set aside, "she did not die seized of the lands, and therefore the plaintiffs (appellants) could not inherit the same." To reverse decree of the lower court dismissing appellants' complaint this appeal is prosecuted.

The first finding of the chancery court was correct, but the second finding was erroneous. The tax sale was shown to be void, because of, among other defects alleged, the undenied failure of the clerk to certify, before the sale, as to publication of notice of the sale, as required by the provisions of § 13848 of Pope's Digest of the laws of Arkansas. We have frequently held that such a failure invalidates the delinquent tax sale. *Martin* v. *Allard,* 55 Ark. 218, 17 S. W. 878; *Logan* v. *Eastern Arkansas Land Co.,* 68 Ark. 248, 57 S. W. 798; *Hurst* v. *Munson,* 152 Ark. 313, 238 S. W. 42; *Bingham* v. *Powell,* 152 Ark. 484, 238 S. W. 597, 21 A. L. R. 1214; *Fairbanks*

v. *Douglas,* 188 Ark. 224, 66 S. W. 2d 286; *Cecil* v. *Tisher and Friend,* 206 Ark. 962, 178 S. W. 2d 655. "This court has repeatedly held that the failure of the clerk to make the certificate provided for in § 7086 of Kirby's Digest is fatal to the validity of the tax sale." *Hewett* v. *Ozark White Lime Co.,* 120 Ark. 528, 180 S. W. 199.

Neither the original purchaser at the tax sale nor his grantees ever went into possession of the land. Emaline Johnson remained in possession of the land until her death. At any time during her lifetime Emaline Johnson might have successfully maintained a suit to cancel this tax sale. She died seized and possessed of the land and at her death the title vested in her heirs at law, who had the same right as she did to have the tax deed canceled as a cloud on the title.

Appellees, Leroy Johnson and Allie Mae Hall, are not entitled to the benefit of § 13883 of Pope's Digest of the laws of Arkansas (providing that actions to test the validity of the proceedings incident to a sale of land for delinquent taxes must be commenced within two years) because this section does not apply where the sale is void by reason of a defect such as invalidated the sale involved herein. *Radcliffe* v. *Scruggs,* 46 Ark. 96; *Taylor* v. *Van Meter,* 53 Ark. 204, 13 S. W. 699; *Townsend* v. *Martin,* 55 Ark. 192, 17 S. W. 875; *Ross* v. *Royal,* 77 Ark. 324, 91 S. W. 178; *Leigh* v. *Trippe,* 91 Ark. 117, 120 S. W. 972; *Hewett* v. *Ozark White Lime Company,* 120 Ark. 528, 180 S. W. 199; *Pride* v. *Gist,* 152 Ark. 368, 238 S. W. 35; *Wildman* v. *Enfield,* 174 Ark. 1005, 298 S. W. 196.

Nor are said appellees entitled to the benefit of § 8925 of Pope's Digest, which prescribes a limitation of two years on actions to recover lands from purchasers at delinquent tax sales. This statute may only be invoked by a holder of a tax title who has held possession thereunder for two years. *Woolfolk* v. *Buckner,* 67 Ark. 411, 55 S. W. 168; *Towson* v. *Denson,* 74 Ark. 302, 86 S. W. 661; *Pride* v. *Gist,* 169 Ark. 1096, 277 S. W. 870.

Since the tax sale upon which said appellees base their title was not valid, and neither they nor their

grantor have ever been in possession of the land, it follows that appellants were entitled to the relief prayed for by them.

The decree of the lower court is accordingly reversed and this cause is remanded with directions to the lower court to enter a decree cancelling the deed from the county clerk to Wagner and the deed from Wagner to said appellees and ordering partition of the land amongst appellants and appellees in accordance with their respective shares therein; costs accruing up to this time to be adjudged against appellees and costs accruing hereafter to be paid ratably by all the parties.