HIXON *v.* FULKS.

4-7918                                              194 S. W. 2d 870

Opinion delivered June 10, 1946.

Ben B. Williamson, for appellant.

W. M. Thompson, for appellee.

McHaney, Justice.   This action was brought by appellees, G. B. Fulks and Maggie Fulks Younger, brother and sister, to cancel a tax deed issued to appellant by the Clerk of Stone county on November 7, 1941, based on a tax forfeiture in 1939 for the taxes of 1938, on a certain 120 acre tract of land in Stone county, described in the complaint.   Appellee Younger was the owner of said land on and prior to January 5, 1942, but on that date she conveyed it to appellee Fulks.   On November 6, 1939, the taxes for 1938 being unpaid, the Collector sold same to appellant for the taxes, penalty and costs charged against it.

The complaint alleged that the sale thereof was illegal and void for ten different reasons.   It also alleged that on the ........ day of October, 1941, before the period of redemption had expired, appellee Fulks, "acting as agent for himself and for his co-plaintiff, Maggie Younger," applied to the Clerk of Stone county to redeem said land from said sale and tendered the correct amount for such purpose which was refused, although the deed to appellant had not been executed at that time. · The prayer was for cancellation of the tax deed to appellant and that Fulks be permitted to redeem.   Tender was made of $48.20 for this purpose. The answer was a general denial and a plea of the two year statute of limitations, § 8925 of Pope's Digest, in that appellant had been in the possession of said lands for two years under his tax deed next before the filing of the complaint and that neither of appellees had been in possession thereof within said two years.

Trial resulted in a decree for appellees in which appellant's tax deed was canceled and the title was vested in appellee Fulks who was directed to refund appellant all sums of money he has paid out in taxes on said land, including the amount paid at the Collector's sale. This appeal followed.

Appellant admits that the tax sale to him is void for any or all the reasons set out in appellees' complaint. He also admits that the only question on this appeal is purely one of fact, and that is whether appellant was in the actual possession of said lands under his tax deed for a period of two years next before suit was filed by the appellees in the court below.

The suit was filed against and summons was issued for appellant on February 26, 1944. The Clerk's deed was issued to appellant on November 7, 1941, and was filed for and recorded on February 2, 1944. Therefore, unless appellant actually took possession of said land on or prior to February 26, 1942, the land being unimproved, unenclosed, and not in the actual possession of anyone, not even the record owner, at the time said deed to appellant was executed and delivered, and continued his possession to the filing of this suit, he cannot successfully defend on said ground. Section 8925 of Pope's Digest provides in substance, in so far as this action is concerned, that no action for the recovery of any lands or for the possession thereof against any person who may hold same by virtue of a purchase thereof at a sale by the Collector for the nonpayment of taxes shall be maintained unless it appears that the plaintiff or his predecessors in title "was seized or possessed of the lands in question within two years next before the commencement of such suit or action," which is retroactive in operation. This statute contemplates actual possession under a deed. *Towson* v. *Denson*, 74 Ark. 302, 86 S. W. 661; and time is reckoned from the date of the deed. *Wade* v. *Goza*, 78 Ark. 7, 96 S. W. 388. In *Gates* v. *Kelsey*, 57 Ark. 523, 22 S. W. 162, Judge BATTLE, speaking for the court, said: "The statute necessarily implies that if he was seized or possessed within the two years, he can recover. In other

words, it makes the disseizure or dispossession of the true owner for two consecutive years a bar. It is the only fact under the statute which can defeat him in an action to recover. There is nothing in the statute which constitutes any act a disseizin. The general rule governs, and constructive possession follows the title. There is only one way in which he can be disseized or dispossessed by an illegal sale for taxes, and that is adverse possession. Two years adverse possession is therefore necessary to constitute a bar under the two years statute.''

Now, the undisputed evidence, that of appellant himself, is that his first act of possession, was hauling posts to build a fence, taking in about one acre of said land, and doing a little clearing and cleaning up in the spring of 1942. On cross-examination, when asked what month of the spring of 1942 he made the improvements, he answered: "It was about April. I wanted to get it done in time to cultivate a garden.'' This testimony shows that appellant did not take actual possession of any portion of said land until the spring of 1942, perhaps April, and that, therefore, appellees were in possession "within two years next before the commencement of such suit or action,'' and that appellant must fail. February is not a spring month. His tax deed being void and not having had two years actual possession, it follows that he has no title as against the true owner.

Affirmed.