## NUNN v. MITCHELL.

4-7943                    196 S. W. 2d 576

Opinion delivered October 7, 1946.

*S. L. Richardson,* for appellant.

*Judson N. Hout,* for appellee.

McHANEY, Justice. This action involves the title to lots 1 and 2 in block 3, J. H. Simpson's Addition to the town of Tuckerman, Jackson county, Arkansas. Appellant claims title by inheritance from her father, Foster Johnson, who died intestate in 1934, and by conveyance from the other heirs of said Foster Johnson. Appellee claims title by purchase from the State on February 3, 1936, the State's title being based on a tax forfeiture and sale to it in 1931 for the 1930 taxes due and unpaid thereon, and upon actual possession of said property by him since his purchase.

It was stipulated by the parties that appellant and her predecessors in title were the original owners of said lots prior to its forfeiture for the 1930 taxes, and that appellee procured a deed from the State, as above stated, paying a consideration of $26.84 therefor, and that appellee has occupied this property since 1936.

Upon this stipulation and other evidence upon behalf of each of the parties the court entered a decree for appellee and dismissed appellant's complaint, seeking to recover the possession of said property, at her cost. This appeal followed.

Appellant makes four contentions for a reversal of this decree. The first is that the tax forfeiture in 1930 and the sale based thereon, upon which appellee's title is founded, are void because of the clerk's failure to publish the notice of sale for two weeks and to certify at the foot of the delinquent list, stating in what newspaper the delinquent list was published, etc., as required by §§ 13846 and 13848 of Pope's Digest. Assuming that the sale was irregular or void, the fact remains that appellee has been in actual possession under the deed from the State for more than seven years and has acquired title by adverse possession under either the seven or the two year statute of limitations, §§ 8918 and 8925 respectively of Pope's Digest. In *Sims* v. *Petree,* 206 Ark. 1023, 178 S. W. 2d 1016, to cite one of the late cases on the subject, we held that such adverse possession bars an action for recovery whether the sale be merely irregular, or void on account of jurisdictional defects. See, also, cases there cited. So the present action is barred.

It is next argued that appellee was a tenant of Foster Johnson in his lifetime, paying the rent to him, and continued to pay the rent to her after her father's death, and could not acquire and assert an adverse title against his landlord while remaining in possession as such tenant. Appellant and her sister testified that appellee was a tenant, but appellee and his witnesses disputed this fact. The court found against appellant and we cannot say the finding is against the preponderance of the evidence.

Appellant also claims title under a clerk's deed dated March 2, 1942, and based on a tax forfeiture and sale by the Collector in 1939 for the 1938 taxes. This deed recites that these lots were sold to the State on November 6, 1939, at the delinquent tax sale. It then recites that "Edwin McCall, Collector, did on the 16th day of Nov., 1939, duly assign certificate of the sale of the said property aforesaid and all his right, title and interest therein to Savannah Nunn of the County of Jackson, State of Arkansas." Based on said certificate of sale which Collector McCall says he assigned to her, and

which was surrendered to the Clerk on March 2, 1942, after the period of redemption of two years had expired, the Clerk issued to appellant a deed. We think this deed is void on its face. Section 13849 of Pope's Digest provides that if no person shall bid the amount of the tax, penalty and costs due on said lands, then he shall bid the same off in the name of the State for said amount. The Collector or his deputy, or the Clerk are prohibited from being concerned in the purchase of any tract of land by § 13854. By what right the Collector assigned the certificate of sale to appellant when the State was the purchaser, we have been unable to determine. Having been sold to the State, it was subject to redemption for two years after the sale, and we think the procedure taken amounted only to a redemption of the property from the sale and that the Clerk's deed conveyed to appellant no more title than she then had.

Finally it is argued that appellee should be given no relief in equity because he has not offered to do equity by tendering to her the amount of taxes paid by her on said property since 1936. Appellant brought this action. She did not pray any alternative relief, such as taxes paid by her, in event title to the lots should be denied her. She claimed to be the absolute owner, and prayed to be so declared and for possession and $200 damages. Appellee paid the taxes when he could get to the Collector's office before appellant did and he prayed no affirmative relief. Not having asked for a recovery of taxes, the court properly dismissed her complaint.

The decree is accordingly affirmed.