O'DELL *v.* YOUNG.

4-8045 199 S. W. 2d 971

Opinion delivered January 20, 1947.

Rehearing denied February 24, 1947.

*Northcutt & Northcutt,* for appellant.

*P. C. Goodwin,* for appellee.

McHANEY, Justice. The 200 acre tract of land here in litigation forfeited and was sold to the State for the 1941 taxes due thereon. In due time, not having been redeemed, it was certified to the State. March 13, 1945, the State filed suit to confirm its title to this and other lands in Fulton county. Two weeks later the State sold and conveyed said tract to appellants. May 25, 1945, appellee intervened in the State's suit to confirm, alleging that he was the owner and that the tax forfeiture and sale to the State were void for certain reasons. He tendered $58.21 into court, which he alleged was the correct amount to redeem from said sale. He set up the conveyance by the State to appellants, asserted its invalidity, asked that the deed to them be canceled as a cloud on his title, and that title to said land be confirmed in him.

Appellants were made parties and answered with a general denial that appellee had not been seized or possessed of said lands for the past two years; that it had been lying out for the past fifteen years; and that appellee had not paid the taxes for the past five years. They prayed that the title to the lands be confirmed in them, but if not they be reimbursed in the sum of $321 paid by them to the State for their deed.

Trial resulted in a decree for appellee which canceled the State's deed to appellants and quieted and confirmed the title to said lands in appellee.

On this appeal, appellants do not contend that the court erred in holding the forfeiture and sale to the State were void. This holding appears to be conceded.

The only contention in the main brief seems to be that, since the State's deed was issued to them prior to appellee's intervention in the confirmation suit, he was neither in the actual nor constructive possession of said lands and could not prevail. They cite *Schmeltzer* v. *Scheid*, 203 Ark. 274, 157 S. W. 2d 193, as controlling here, and emphasis is placed on what was there said of what is now § 8925 of Pope's Digest which provides, in effect, that no action for the recovery of lands forfeited for taxes "shall be maintained unless it appears that plaintiff, his ancestor, predecessor, or grantor, was seized or possessed of the lands in question within two years next before the commencement of such suit," contemplates actual and not constructive possession.

We think appellants are misapplying the holding in that case. It is undisputed that appellee was the owner of the lands at the time of forfeiture and sale, but that they were not in his actual physical possession. It is not contended that appellants have had, for two years or any other time, the actual, physical possession thereof. We said in the recent case of *Johnson* v. *Johnson*, 207 Ark. 1015, 183 S. W. 2d 783: "Nor are said appellees entitled to the benefit of § 8925 of Pope's Digest, which prescribes a limitation of two years on actions to recover lands from purchasers at delinquent tax sales. This statute may only be invoked by a holder of a tax title who has held possession thereunder for two years. *Woolfolk* v. *Buckner*, 67 Ark. 411, 55 S. W. 168; *Towson* v. *Denson*, 74 Ark. 302, 86 S. W. 661; *Pride* v. *Gist*, 169 Ark. 1096, 277 S. W. 870."

In *Hixon* v. *Fulks*, *ante*, p. 204, 194 S. W. 2d 870, we held, to quote a headnote: "The only way the owner of land sold at a void tax sale can be disseized is by adverse possession by the purchaser for two years under his deed, and time is reckoned from the date of such deed." The statute, § 8925, contemplates actual possession by the tax purchaser and constructive possession follows the legal title. *Hixon* v. *Fulks*, *supra*; *Gates* v. *Kelsey*, 57 Ark. 523, 22 S. W. 162. See, also, *Nunn* v. *Mitchell*, *ante*,

p. 422, 196 S. W. 2d 576. It follows that appellants must fail. They have raised one or more questions in the reply brief not raised in their original brief which we cannot consider, since appellee has had no opportunity to reply to them.

Affirmed.