HENSLEY *v.* PHILLIPS.

4-8934                                      221 S. W. 2d 412

Opinion delivered June 20, 1949.

J. F. *Quillin* and *Shaw & Spencer,* for appellant.

*Martin & Martin* and *Hal L. Norwood,* for appellee.

MINOR W. MILLWEE, Justice. This suit involves the title to 120 acres of wild and unimproved timber lands in Polk county. In 1925 the United States issued its patent to R. A. Smith who conveyed to Oscar Phillips in 1928. Oscar Phillips conveyed to W. H. Burns and Kate Burns, his wife, in 1932 and the latter reconveyed to Oscar Phillips by warranty deed on May 8, 1946. On June 1, 1946, Oscar Phillips conveyed by warranty deed to appellee, Coyle Watkins.

The land forfeited for the 1941 taxes and a local agent of Paul Brown and John Entriken, non-residents, purchased at a tax sale on November 9, 1942. A clerk's tax deed was issued to Brown and Entriken on November 11, 1944. On November 14, 1945, a decree was entered on the ex parte petition of Brown and Entriken confirming their title to the lands. On December 30, 1946, Brown and Entriken conveyed by quit claim deed to O. F. Phillips, who is not related to appellee, Oscar Phillips. O. F. Phillips conveyed by a quit claim deed to appellant, Charles Hensley on February 3, 1948.

Taxes on the land for the years 1942 to 1945, inclusive, were paid by W. H. Burns. Appellee, Coyle Watkins, paid the 1946 taxes and appellant paid taxes for the year 1947.

On July 10, 1948, appellees, Oscar Phillips and Coyle Watkins, filed this suit for confirmation of their title and to cancel the 1942 tax sale, the clerk's deed based thereon and to vacate the confirmation decree rendered in favor of Brown and Entriken on November 14, 1945. The complaint alleged the 1942 tax sale to be void because the clerk did not, before the date of sale, make a certificate showing publication of the delinquent list of lands as required by law, and that the 1945 decree of confirmation based on said void sale was erroneously granted.

Appellant answered with a general denial and alleged that appellees were barred from attacking the 1945 confirmation decree by the provisions of Ark. Stats. (1947), § 84-1325 and also by a decree confirming title in the State in 1938.

Trial resulted in a decree in favor of appellees holding the 1942 tax sale void and that the confirmation decree of November 14, 1945, was illegally obtained and granted. The 1942 tax sale was ordered cancelled and the 1945 confirmation decree vacated. Title was ordered confirmed in appellee, Coyle Watkins, upon refund to appellant of taxes paid by him for the year 1947.

Appellant's principal contention for reversal is that appellees are barred from attacking his title by Ark. Stats. (1947), § 84-1325 (§ 8719, Pope's Digest). This statute provides that owners of lands embraced in a confirmation decree in favor of the State shall be barred from attacking said decree after the lapse of one year. Appellant cites cases which hold that the alleged defect in the 1942 tax sale is an irregularity which is cured by a confirmation decree rendered pursuant to the statute. While appellant alleged in his answer that title had been confirmed in the State, there is nothing in the record to indicate that the land in controversy was ever sold or certified to the State, or that it was involved in a confirmation suit brought by the State. If the land forfeited for taxes prior to 1941, it was apparently redeemed, since it was continuously assessed in the name of the owner. Under the record here presented, the State had no title or interest in the land to which appellant could be subrogated under § 84-1325, supra.

The record discloses that the sale at which the appellant's predecessor in title purchased the land was held November 9, 1942. It is undisputed that the certificate of the county clerk showing publication of the delinquent list of lands required by Ark. Stats. (1947), § 84-1103, was made January 7, 1943. The clerk who made the certificate was not clerk when the lands sold. The case of Cecil v. Tisher and Friend, 206 Ark. 962, 178 S. W. 2d 655, also involved the validity of a tax sale of lands in

Polk county. It was there held that the failure of the clerk to make and attach the certificate of publication of the delinquent list prior to the date of sale rendered the tax sale void. It was further held in that case that two years actual adverse possession by the holder of a clerk's tax deed was necessary to bar an action of the owner of the original title to recover the land under the provisions of Ark. Stats. (1947), § 34-1419, (§ 8925, Pope's Digest).

In Hixon v. Fulks, 210 Ark. 204, 194 S. W. 2d 870, relied on by appellant, we held (Headnote 3): "Since the sale under which appellant claimed was void, and he had not had actual possession of land which was wild and unimproved, he could not successfully resist appellee's action to cancel his deed." See, also, Standard Securities Co. v. Republic Mining & Manufacturing Co., 207 Ark. 335, 180 S. W. 2d 575. It is undisputed that the land here involved is wild and unimproved and that neither appellant nor his predecessors in title have ever been in actual possession. It follows that the 1942 tax sale was invalid and open to attack by appellees, unless the confirmation decree of November 14, 1945, operated to cure the defect in said sale.

Brown and Entriken received their tax deed from the clerk November 11, 1944, and obtained the confirmation decree upon their ex parte petition on November 14, 1945. This decree recites that petitioners are the owners and in possession of the wild and unimproved lands; that notice has been published as required by law; that no person has intervened to claim an interest in the land; and that no person owns or claims any interest therein adverse to that of petitioners. Ark. Stats. (1947), §§ 34-1901 to 34-1912, set forth the procedure by which title to wild and unimproved lands may be quieted. If Brown and Entriken, appellant's predecessors in title, were proceeding under this statute, then the record discloses that there was no compliance with § 34-1909, which provides that the confirmation decree shall not be binding on any person who has paid taxes on the land within seven years unless he be made a party. In Grayling Lumber Co. v. Tillar, 162 Ark. 221, 258 S. W. 132, it was

held that a decree of confirmation under this statute was void as to a person who paid taxes within seven years preceding the filing of the petition for confirmation and who was not made a party. It was also held that the suit brought by such omitted party for the purpose of quieting his title and vacating the decree of confirmation constituted a direct attack thereon.

Although appellees did not pay taxes within seven years preceding the filing of the confirmation petition by Brown and Entriken their grantor, W. H. Burns, did pay said taxes for the years 1942 to 1945 and was not made a party to the confirmation suit. Appellees succeeded to all the rights of W. H. Burns under their respective warranty deeds and were, therefore, entitled to the relief granted by the trial court under this statute.

If the 1945 confirmation decree was obtained under the provisions of Ark. Stats. (1947), §§ 34-1918 to 34-1925, the record also shows that the petitioners did not comply with this statute. Section 34-1920 provides there shall be no confirmation unless the petitioner or those under whom he claims have paid the taxes on the lands for at least two years after the expiration of the right of redemption, said payment of taxes to be three consecutive years immediately prior to the application to confirm, and that copies of tax receipts showing such payment shall be filed with the petition. Brown and Entriken paid no taxes on the land in controversy and the payments required by the statute were made by appellees' predecessor in title, W. H. Burns. It follows that the 1945 confirmation decree was ineffectual to confirm title in appellant's predecessors in title under this statute.

Appellant also contends that appellees failed to meet the requirements of Ark. Stats. (1947), § 84-1313, which sets out the grounds upon which a clerk's tax deed may be defeated and provides "But no person shall be permitted to question the title acquired by a deed of the Clerk of the County Court, without first showing that he, or the person under whom he claims title to the property, had title thereto, at the time of the sale, or that title was obtained from the United States, or this State,

after the sale, and that all taxes due upon the property have been paid by such person, or the person under whom he claims title as aforesaid . . . '' One of the grounds mentioned in the statute is the omission ''to give notice of the sale.''

Appellant argues that since the failure of the clerk to make the certificate to the delinquent list prior to the sale is not mentioned in § 84-1313, supra, appellees are not in position to question the clerk's deed to Brown and Entriken. We held to the contrary in Standard Securities Co. v. Republic Mining & Manufacturing Co., supra, on the authority of the cases of Cooper v. Freeman Lumber Co., 61 Ark. 36, 31 S. W. 981, 32 S. W. 494, and Logan v. Eastern Ark. Land Co., 68 Ark. 248, 57 S. W. 798. It was said in these cases that the failure of the county clerk to properly execute and attach the certificate to the delinquent list prior to the sale is a meritorious defense which the owner cannot be deprived of by the deed of the county clerk to the purchaser at the tax sale. It was also held in the Standard Securities Co. case that a landowner, who failed to pay taxes on the land continuously since its forfeiture, was not precluded from asserting invalidity of the tax sale on account of the failure of the clerk to properly execute the certificate.

As previously stated neither appellant nor his predecessors in title paid any taxes on the land until 1948. It was then that appellees learned for the first time of the 1945 confirmation decree and the present suit was instituted. We cannot agree with the contention that as between appellant and appellees the former has the superior title and will be deemed to have been in possession during the two years prior to commencement of the instant suit. Where land is wild and unimproved, it is in the constructive possession of the person holding the legal title. Chancellor v. Banks, 92 Ark. 497, 123 S. W. 650. Since the decree in favor of Brown and Entriken was illegal and void as against appellees, the latter had a perfect paper title to the lands which was superior to the title of appellant, and the lands being wild and unimproved were in the constructive possession of appellees and those under whom they claim,

The decree canceling the outstanding title of appellant and quieting the title of appellee, Coyle Watkins, is accordingly affirmed.