HUDSON & DUGGER COMPANY *v.* ISON.

4-5255                              121 S. W. 2d 901

Opinion delivered November 28, 1938.

*House, Moses & Holmes, James Smith* and *Richard C. Butler,* for appellant.

*Poe & Wood,* for appellee.

MEHAFFY, J. This suit was filed by appellant, plaintiff below, to set aside certain tax sales, the property having forfeited for assessments alleged to have been

made in 1930. The lands were bid in by the state and certified to the State Land Commissioner in 1936. Following such certification the appellees herein procured donation certificates, and some of the donees made improvements. The nature and value of these improvements are set out in an agreed statement of facts. In the view we take of the case it is not necessary to consider the facts so agreed to.

The chancellor dismissed the complaint, and held that errors complained of were cured by act 142 of 1935. The effect of the decree is to say that the matters placed in issue were irregularities, and were not jurisdictional.

Numerous errors were assigned in the original complaint. However, in an amended complaint appellant seems to rely upon six assignments: (1) The county board of equalization failed to meet in 1930, and "failed to adopt a resolution as required by law." (2) The county clerk failed to enter upon his records the adjusted or equalized assessed value of the lands described in the original complaint for the year 1930, "as adopted by the equalization board as required by law." (3) The county clerk failed to send the names of the members of the equalization board to the State Equalization Board, as required by law. (4) The quorum court failed to appoint the members of the county equalization board in the year 1929 for the year 1930, as required by law. (5) The county clerk wholly failed to comply with §§ 10019 and 10092 of Crawford & Moses' Digest. (6) The school tax assessed against lands of plaintiff for the year 1930 was void.

The cause was argued orally, and appellant, while not abandoning any of its several assignments of errors, particularly emphasized the allegation that there was no assessment of taxes in Desha county for 1930. In the alternative it argued that, if it should be found that assessments had been made, such so-called assessments were invalid for the reason that the county board of equalization did not meet during 1930.

It is first contended by the appellant that there was no assessment of appellant's property in Desha county in 1930.

N. D. Newton, county clerk of Desha county, testified that the records in his office showed the assessment on real estate in Desha county for the year 1930; that the assessment book was filed in the county clerk's office by the assessor on August 18, 1930. The witness then read the record, or rather the certificate of the assessor, which was in usual form. We, therefore, think it conclusively appears that there was an assessment of real estate in Desha county in 1930. It is true that there was a date at the head of the list showing 1929, but the county clerk testified very positively that the assessment was made in 1930, and the certificate of the assessor, which was sworn to before the clerk on August 18, 1930, shows that it was the assessment for 1930 and not for 1929.

But it is contended by the appellant that there is no valid assessment because of the failure of the equalization board to meet and equalize the assessment, and that this makes the tax sale void. This court, on November 14, 1938, decided the questions against the appellant's contention here, *Stout Lumber Co.* v. *Parker, ante* p. 65, 122 S. W. 2d 180. In that case we said: "Appellant assumes that, because the equalization board had finally adjourned when the assessments were made, its right of redress was gone. This is not correct. There was the right, by certiorari from the circuit court directed to the county clerk, to have the record brought up for review and correction. Section 2865, Pope's Digest."

Appellant next contends that the failure of the county clerk to comply with § 10019 of C. & M. Digest (§ 13766, Pope's Digest) invalidates the sale. It is our opinion that there was a substantial compliance with this statute, although whether there was or not would not effect the result in this case. This is, also, true of appellant's fourth contention, about complying with § 10092 of C. & M. Digest (§ 13855, Pope's Digest). This question was considered by this court in the case of *Benham* v. *Davis,* 196 Ark. 740, 119 S. W. 2d 743. The court there said:

" 'The requirement of Kirby's Digest, § 7092, that the county clerk shall keep a record of lands sold for taxes to individuals separate from the record of lands

sold to the state is directory merely, and a sale of lands to the state for nonpayment of taxes is not rendered invalid by noncompliance with such requirement.' What the clerk did, according to his testimony, was that he took the record in which was recorded the delinquent list, and as the sales were made, he wrote in the margin of that record to whom it was sold, on a line provided for that purpose. If it was sold to an individual, his name was inserted. If it was sold to the state, the record so showed. We think this is a substantial compliance with the statute as the record made in the manner stated by the clerk affords all of the information that would be obtainable from a separate list, and the taxpayer could not be misled by the absence of or the failure to keep such separate list. As said in Leigh v. Trippe, supra: 'It is the declared policy of our revenue laws to disregard technical irregularities in tax sales which are not prejudicial to the rights of the owner, and to require all proceedings to set aside sales on account of such irregularities to be instituted during the period allowed for redemption'.''

It is urged that the county clerk failed in other duties, and that this makes the tax sale void, and also that the tax sale was void, because there was no valid levy of the school district tax. The exhibits introduced by Mr. N. D. Newton, clerk, shows that the school tax in this particular district was levied according to law. All these irregularities were cured by act 142 of 1935, this suit, having been brought before act 142 was repealed. Under act 142, when the taxes on real estate have not been paid within the time provided by law, the property shall be sold. It is, also, provided in said act that the sale shall not be set aside by any proceedings at law or in equity because of any irregularity, informality, or omission by any officer in the assessment of said property, the levying of said taxes, the making of the assessor's or tax book, the making or filing of the delinquent list, the recording thereof, and the recording of the lists and notice of sale, or the certificate as to publication of said notice of sale. Under said act it is required that there be a proper description of the property for which

said property is sold for delinquent taxes. There is no dispute about there being a proper description in the instant case. The taxes had not been paid, and the sale cannot now be set aside for the irregularities complained of. Act 142 prevents this.

The acts complained of that are claimed to be jurisdictional are shown by the evidence in the record to have been performed as required by law.

We find no error, and the decree is affirmed.