## LAUGHLIN *v.* FISHER.

### Opinion delivered January 26, 1920.

1. TAXATION — ADVERTISEMENT OF DELINQUENT TAX LIST.—The requirement of Kirby's Digest, section 7085, that the list of delinquent lands be advertised for two weeks between the second Monday in May and the second Monday in June in each year is a prerequisite to the authority of the collector to sell the lands or to forfeit them to the State.

2. TAXATION—DELINQUENT LIST—INSUFFICIENT PUBLICATION.—Under the above statute a tax sale made only ten days after publication of the notice was void.

3. TAXATION—DELINQUENT TAX LIST—CERTIFICATE OF PUBLICATION.—Under Kirby's Digest, section 7086, requiring county clerk to record a list of delinquent lands with a notice and a certificate stating in what newspaper notice was published, the date of publication, and for what length of time notice was published, where the record showed that the certificate was made on the day of the sale, and there was no proof to show whether the certificate was made before or after the hour of sale, the sale will be held void.

4. TAXATION—TAX RECEIPTS AS EVIDENCE OF PAYMENT.—Tax receipts are the best evidence of the payment of taxes.

5. TRIAL—SECONDARY EVIDENCE—OBJECTION.—Though parol evidence of the payment of taxes is not the best evidence, it is sufficient if no objection is made.

6. TAXATION—PAYMENT OF TAXES AS AVOIDING FORFEITURE.—Where taxes were in fact paid, a forfeiture for their nonpayment was void, and a purchase from the State based on such forfeiture was void.

Appeal from Mississippi Chancery Court, Osceola District; *Archer Wheatley,* Chancellor; affirmed.

### STATEMENT OF FACTS.

H. E. Fisher brought this suit in equity against John Laughlin to cancel, as a cloud on his title, a tax deed from the State to Laughlin to certain land in the Osceola District of Mississippi County, Arkansas.

The land in question was granted to the State of Arkansas under an act of Congress known as the Swamp Land Grant. The plaintiff derived his title by *mesne* conveyances from the State of Arkansas. Fisher and his predecessor in title were both witnesses in the case and testified that they had paid the taxes on the land for the past thirty years. The record shows that the land was forfeited to the State in 1913 for the non-payment of the taxes of 1912. The land was not redeemed within the time prescribed by the statute, and on the 2nd day of March, 1916, the State of Arkansas, through its Commissioner of State Lands, duly executed a deed to said lands to Harvey Laughlin and he in turn executed a deed to John Laughlin to said land.

The records of the county clerk's office show that the county clerk advertised the land for sale as delinquent land on June 9, 1913, by the county collector at the court house in the city of Osceola, in Mississippi County, Arkansas. The notice was published in the Osceola Times for two weeks. The first publication was on the 30th day of May, 1913, and the last day was on the 6th day of June, 1913, and the proof of publication was entered of record on the 9th day of June, 1913. All these matters are shown by the records of the county clerk.

The chancellor found the issues in favor of the plaintiff and a decree was entered accordingly. The defendant has appealed.

*W. J. Driver,* for appellant.

The deed under which appellant claims vests in him a *prima facie* title. There is no proof that the tax title was void, and the decree should be reversed. The burden was on appellee, and he must rely on the strength of his own title and not upon the weakness of defendant's. 90 Ark. 190-420; 97 *Id.* 365. The deed from the land commissioner is regular on its face and vests a *prima facie* title. Kirby & Castle's Digest, § 8757; 90 Ark. 420; 95 *Id.* 445. The record is without proof that the tax sale was void.

*J. T. Coston,* for appellee.

1. The answer did not controvert the facts; it merely denied that Fisher was the owner of the land, which raised no issue at all. 83 S. W. 947. It only states a legal conclusion. 128 *Id.* 351; 76 *Id.* 813. There was no issue before the court. Kirby & C. Dig., § 7573; 120 S. W. 393.

2. While the recitals in the commissioner's deed are *prima facie* evidence of a valid sale, yet here the facts admitted in the answer show that the deed was invalid. The deed was moreover incompetent. The allegata and probata must strictly correspond. 11 Ark. 135; 24 *Id.* 382.

The chancellor is presumed to have disregarded all incompetent testimony and the case should be decided only on competent testimony. 88 S. W. 916; 200 *Id.* 1031. See also 37 Ark. 663; 46 *Id.* 136. The allegations of the cross-complaint are deemed to be controverted. K. & C. Digest, § 7576. Defendant went to trial without asking for affirmative relief on his cross-complaint. 103 S. W. 609; 94 S. W. 612. The allegations of the complaint showing the invalidity of defendant's tax sale were not put in issue and the decree is right, as the tax sale was void.

HART, J., (after stating the facts). Section 7085 of Kirby's Digest, provides that the county clerk shall cause a list of the delinquent lands to be published weekly for two weeks between the second Monday in May and the second Monday in June each year. The advertisement is for the purpose of notifying the owner of the land that the taxes are unpaid and that the land will be sold for the taxes unless paid before the sale; and also to bring together competing bidders at the sale. The advertisement is a prerequisite of the authority of the officer to sell, and must be made in substantial accordance with the requirements of the statute.

Our previous decisions are uniform to the effect that the failure to give the notice for the length of time prescribed by the statute is prejudicial to the owner's interest and will avoid the sale. *Thweatt* v. *Howard,* 68 Ark. 426; *Townsend* v. *Martin,* 55 Ark. 192, and *Martin* v. *McDiarmid,* 55 Ark. 213.

In *Thweatt* v. *Howard, supra,* publication for eleven days was held to be insufficient and avoided the sale. In the case at bar the records of the county clerk's office show that the first publication was on the 30th of May, 1913, and that the sale commenced on the 9th of June, 1913. Hence the notice of the sale upon which the forfeiture to the State is based was not published for the full period of time, and for this reason the sale is void.

The sale is void for another reason. In *Hunt* v. *Gardner,* 74 Ark. 583, it was held that under Kirby's Digest, section 7086, requiring the county clerk to record the list of delinquent lands with a notice and a certificate stating in what newspaper said notice was published, the date of publication and for what length of time the same was published, failure of the clerk to record such list with notice and certificate before the day of sale invalidates all sales made by the collector on such day.

There, as here, the record showed that the certificate was made on the day of the sale, and there was no proof to show whether the certificate was made before or after the hour of sale. Other decisions to the effect that

the certified record must be made before the day of sale are the following: *Magness* v. *Harris,* 80 Ark. 583; *Townsend* v. *Penrose,* 84 Ark. 316, and *Frank Kendall Lumber Co.* v. *Smith,* 87 Ark. 360.

Counsel for appellant also relies upon a tax forfeiture to the State for the year 1910 and claims that his deed from the State is based upon this forfeiture.

H. E. Fisher testified that he had owned the land since January 1, 1907, and had paid all the State and county taxes continuously since that time. While his tax receipts would have been the best evidence that he had paid the taxes, still no objection was made to him testifying to that fact.

It follows, therefore, that the forfeiture in 1910 for taxes was void and that appellant obtained no title to the land by virtue of his purchase alone from the State based on this forfeiture. *Lonergan* v. *Baber,* 59 Ark. 15, and *Knauff* v. *Nat. Coop. & Woodenware Co.,* 99 Ark. 137.

It follows that the decree will be affirmed.