HURST *v*. MUNSON.

Opinion delivered March 6, 1922.

1. PARTIES—SUBSTITUTION OF PLAINTIFFS.—Where certain persons claiming land brought suit to quiet their title, and subsequently sold and conveyed their interest in the land, it was proper, under Crawford & Moses' Dig., § 1091, to permit their grantees to be substituted as plaintiffs.

2. TAXATION—RECORD OF DELINQUENT LANDS.—Under Crawford & Moses' Dig., § 10085, requiring the county clerk to record the list of delinquent lands with a notice and certificate of its publication, the list and certificate must be placed of record prior to the day of sale, otherwise the sale is invalid.

3. TAXATION—RECORD OF DELINQUENT LANDS—CONCLUSIVENESS OF CLERK'S CERTIFICATE.—The clerk's certificate of publication of the list of delinquent lands is the sole evidence of such publication.

4. TAXATION—CERTIFICATE OF PUBLICATION OF DELINQUENT LIST—CONCLUSIVENESS.—Where the clerk's certificate of publication of the list of delinquent lands shows on its face that it was made after the date of sale, it can not be shown by evidence *aliunde* that it was in fact placed of record before the date of sale, and that the dating was erroneous.

5. LIMITATION OF ACTIONS—TAX-TITLE—TWO-YEARS' STATUTE.—The plea of the two-years' statute of limitations under a tax-title is not sustained where the owner of the land brought suit to quiet title within two years after the tax title was acquired from the Commissioner of State Lands.

6. LIMITATIONS OF ACTIONS—TWO-YEARS' STATUTE.—Two years' continuous possession is necessary to sustain title under the two-years' statute of limitations (Crawford & Moses' Dig., § 6947).

7. APPEAL AND ERROR—CONCLUSIVENESS OF CHANCELLOR'S FINDING.— A chancellor's finding in favor of plaintiffs, on an issue of fact, is not against the preponderance of the evidence where the evidence is sharply conflicting, being confirmed to the testimony of plaintiff on one side and of defendant on the other.

8. QUIETING TITLE—REIMBURSEMENT OF TAXES.—Where a deed from the Commissioner of State Lands was canceled as a cloud upon plaintiff's title, and defendant was reimbursed for taxes paid by him, it was not error to disallow to him the price paid to the State Land Commissioner, nor to refuse to allow reimbursement for taxes paid by defendants' grantors where rents and profits received by such grantors were sufficient to cover their outlay for taxes.

Appeal from Washington Chancery Court; *Ben F. McMahan,* Chancellor; affirmed.

*Sullins & Ivie,* for appellant.

1. The clerk's certificate is conclusive as to the recitals therein. C. & M. Dig., § 10085; 55 Ark. 218; 68 *Id.* 248; 140 U. S. 634. And the appellees will not be permitted, in their effort to show that the tax sale was not advertised for full two weeks as required by law, to show that the date, "May 27th," was interlined after the sale was had. 81 Ark. 319.

2. The date, June 16, 1915, in the attestation clause of the clerk's certificate, is not conclusive of the date when the certificate was recorded. The attestation clause is not a part of the certificate. 2 C. J. 399, § 99; 47 Ark. 49. If an acknowledgement is in due form, it will not be invalidated by a mistake in the date, or for want of a date. 1 C. J. 828, § 160; 65 Ark. 51; 80 *Id.* 31, 36; 121 *Id.* 621. The language of the certificate in this case ought to be given, at least, as liberal construction as has been given in crim-

inal cases, where dates alleged in indictments were involved, and, if that is done, the date mentioned in the attestation clause, being in conflict with the language used in the body of the certificate, will be treated, as it ought to be treated, as a mere clerical error. 65 Ark. 559; 75 Ark. 574; 93 Ark. 275.

3. Appellees are barred by the two-years statute of limitations. C. & M. Digest, § 6947. A deed, describing and purporting to describe land, even though based on a void tax sale, is color of title. 80 Ark. 82; 77 *Id.* 324; 79 *Id.* 364. So far as appellees Munson and Gibson are concerned, this action was not commenced until they were substituted by plaintiffs. The substitution of parties plaintiff was tantamount to a new suit. 94 Ark. 277; 34 *Id.* 144.

4. Appellees are estopped. Equity ought not to permit them first to employ or induce appellant to procure the title, and then, after he has done so, to cancel or destroy it. 33 Ark. 465; 38 Id. 571, 580; 131 Id. 77.

*J. W. Grabiel* and *John Mayes,* for appellees.

1. The decree ought to be sustained for the reason, if for no other, that the conduct of the appellant in seeking to hold the land adversely to appellee, in the face of his employment as an attorney and acceptance thereof, to assist appellees to extinguish the claim founded on the tax title, amounts to bad faith and a fraud. 30 Ark. 44; 21 R. C. L. 824-825, §§ 9-10; 81 Ky. 23; 1 M'Cord, Eq., 524; 63 Me. 17; 61 S. E. 806; 14 N. J. Eq. 451; 116 Ga. 396; 108 Mo. 378; 101 U. S. 494; 11 How. 233.

2. The certificate of the clerk shows on its face that it was not recorded before the sale. Appellant correctly states that the record of the certificate is conclusive as to the recitals therein, and that under the law it is not permitted to impeach the record thus made. Where the record and certificate is not made before the sale, the sale is void. 141 Ark. 629; 11 Am. & Eng. Enc. of L., 2nd Ed., 584.

3. The statute requires two full weeks' notice. 55 Ark. 192; *Id.* 213; 68 *Id.* 426. The evidence shows that the date, "May 27," was interlined in the record some time after this suit was commenced. It was not competent to show by newspaper, or other evidence *aliunde* that the publication was made otherwise than as shown by the record. 68 Ark. 248; 140 U. S. 634.

4. The limitation statute invoked by appellant, C. & M. Digest, § 6947, applies only to an action for the recovery of possession. 30 Ark. 44. And the time is reckoned from date of the State's deed under which the defendant claims title or possession. 78 Ark. 7. Actual possession is necessary to set the statute in motion. 67 Ark. 411.

It is an admitted fact that the action was commenced within the two years. Appellant's contention that the action was not begun as to the appellees until the date they were substituted as plaintiffs is not tenable. Kirby's Dig., § 6001; 20 Enc. Pl. & Pr. 1062-1063. Where there is a privity of interest growing out of a transfer of the right or subject-matter of litigation during the pendency of the action, substitution of parties is not a change of the cause of action, but only in the nominal parties. 90 Ark. 430.

McCulloch, C. J. The subject-matter of this controversy is a tract of land, containing 55 acres, in Washington County. Appellees held under the original title, having purchased and received a conveyance from the heirs of one Deering, who formerly owned and actually occupied said tract of land as a farm. Appellant claims title under a forfeiture to the State in the year 1915 for the taxes of 1914.

There was a forfeiture to the State, and on October 30, 1917, Mrs. J. T. Nelson purchased the land at $1.25 an acre from the State Land Commissioner and received a deed of conveyance. She subsequently sold and conveyed her interest to J. M. Bishop and George Appleby, who in turn conveyed to appellant.

The present action was instituted in the chancery court of Washington County on October 3, 1919, by the grantors of appellants Munson and Gibson, heirs at law of the original owner, Deering, against appellant and Bishop and Appleby.

In the complaint it was alleged that the plaintiffs were the owners and in actual possession of said land, and that the defendants were claiming title under a tax sale, which was alleged to be void and a cloud upon the title of the plaintiffs. The prayer of the complaint was that the tax sale and the conveyance from the State Land Commissioner to Mrs. Nelson be canceled as a cloud on the title of the plaintiffs.

The plaintiffs in the action conveyed the land to appellees by deed dated January 20, 1920, and at a later term of the court there was an order made upon the application of the appellees, Munson and Gibson, substituting them as plaintiffs in the action in lieu of the original plaintiffs. The order of substitution was made pursuant to the statute, which provides that where the right of a plaintiff is transferred during the pendency of an action, said action "may be continued in his name, or the court may allow the person to whom the transfer or assignment is made to be substituted in the action." Crawford & Moses' Digest, § 1091.

The attack of appellees and their predecessors in the action on the validity of the tax sale is based, among other things, on the ground that the clerk's certificate of the publication of the list of delinquent lands was not recorded as required by statute (Crawford & Moses' Digest, § 10085) before the day of sale. Appellant in his answer denied that this defect existed and alleged that the certificate was duly made and recorded before the day of sale. The record of the certificate was introduced and it reads as follows:

"I, George Appleby, clerk of the county court within and for the above named county and State, do hereby certify that the foregoing list of lands, lots and parts

318 HURST v. MUNSON. [152

of lots (on page 129 to page 173 inclusive) returned delinquent for the year 1914, together with the tax, penalty and cost due thereon, was published weekly for two weeks, prior to the second Monday in June, 1915, in the 'Arkansas Sentinel' and once in the Fayetteville Democrat 'Daily' and the Fayetteville Democrat 'Weekly' published in the said county, the dates of the publication being May 27, June 3, and June 10, 1915, and were sold according to said notices, said sale begins on Monday, June 14, 1915.

"Witness my hand and seal of office this June 16, 1915.

"GEO. APPLEBY,
"County Clerk."

Appellant introduced a witness who was deputy clerk at the time of the tax sale in 1915, and he testified that he spread on the record the published delinquent list with the form of the clerk's certificate attached, leaving a blank for the date and the signature of the clerk, and that Appleby, the clerk, filled in the date and signed the certificate on June 16, 1915, which was two days after the date of the sale.

This court has decided that the certificate required by the statute cited above must be placed of record prior to the day of sale, otherwise the sale is invalid. *Logan v. Eastern Arkansas Land Co.,* 68 Ark. 248; *Hunt v. Gardner,* 74 Ark. 583. We have also held that the clerk's certificate thus recorded is the sole evidence of the publication of the list. *Hunt v. Gardner, supra; Cook v. Ziff Colored Masonic Lodge,* 80 Ark. 31. The record being the sole evidence, the facts cannot be proved by evidence *aliunde.*

We decided in *Cook v. Ziff Colored Masonic Lodge, supra,* that a failure to date the certificates did not render it void, and that in the absence of proof the presumption would be indulged that the clerk had properly performed his duty by placing the certificate of record

before the date of sale; but in the present case no presumption can be indulged, because the certificate affords affirmative evidence on its face that it was not placed of record until after the sale. In addition to the date of the certificate, its language affords affirmative evidence that it was placed of record after the date of the sale, for it recites that the lands described in the notice "were sold according to said notices." *Earl* v. *Harris,* 121 Ark. 621.

While the dating of the certificate is not essential to its validity, in this case it bears its date on its face and contains other recitals showing that it was made after the date of sale, and the certificate itself is conclusive, and it cannot be shown by other testimony that it was in fact placed of record before the date of sale, and that the dating was erroneous.

Appellant also pleaded the two-years' statute of limitation under tax sale. The plea is not sustained by the proof for the obvious reason that this action was instituted within two years after the date of the conveyance of the land by the State Land Commissioner to Mrs. Nelson, and actual and continuous possession for a period of two years is essential to confer title by limitation under the statute. The running of the statute was arrested by the commencement of this action, and it did not run against appellees, who were substituted under the statute as plaintiffs, they having, during the pendency of the action, succeeded to the rights of the original plaintiffs.

Moreover, it does not appear that appellees or their grantor was in possession of the land for two years at any time. They were not in possession at the time of the commencement of the suit, the proof in the case being that the Deering heirs were in possession during the summer and autumn of the year 1919, the appellees then being in possession as tenants of the Deerings. Appellant's grantors, Bishop and Appleby, held possession of the land and cultivated it by tenants during the year 1918,

but they lost possession in 1919 and never regained it. The land laid out and was uncultivated during the year 1919 until August or September, when appellees, as tenants under the Deering heirs, took possession and began cultivation. So in any view of the case appellant is not successful in maintaining his plea of limitation.

Appellant filed a cross-complaint against appellees, in which he alleged that they had induced him to purchase the land from Bishop and Appleby, and that they are estopped to dispute his title. Appellees answered the cross-complaint and denied the allegations upon which the claim of estoppel was based. Appellant testified that appellees authorized him to purchase from Bishop and Appleby their interest under the tax sale and promised to pay him $600 for a conveyance after he had secured a conveyance to himself from Bishop and Appleby. He testified that, in reliance upon the promise and the authorization of appellees, he purchased the land from Bishop and Appleby; that appellees then refused to comply with their promise and obtained a conveyance from the Deering heirs, who lived in Texas. Both of the appellees testified in the case regarding their dealings with appellant and their purchase of the land from the Deering heirs, and it appears that they acted in concert in all that they did. They testified that, after they had begun negotiations with the Deering heirs looking to the purchase of the land, they ascertained that there was an outstanding tax title, and that they employed appellant as an attorney to examine the title and give them legal advice concerning its validity.

Each of the appellees deny that they ever entered into an agreement with appellant to authorize him to purchase the tax title from Bishop and Appleby, or that they promised to pay him $600 or any other sum for the tax title so obtained. They testified that they employed appellant to assist them in securing a marketable title to the land, and that, after appellant had purchased the tax

title from Bishóp and Appleby, he proposed to sell it to them, but that they declined to purchase unless a conveyance could be secured from the Deering heirs. They subsequently purchased from the Deering heirs and paid $1,500 in cash for a deed. There was a sharp conflict in the testimony, and the chancellor found in favor of the appellees. It does not appear that the finding of the chancellor is against the preponderance of the evidence. The testimony on this issue is confined to that of appellant himself on the one side and the two appellees on the other.

It is also contended that the chancellor failed to allow appellant a sufficient sum in reimbursement for taxes paid. Of course, appellant was entitled to reimbursement for all the taxes assessed against the land and paid by him. He was not entitled to reimbursement for the amount Mrs. Nelson paid the State as purchase price for the commissioner's deed. The court allowed appellant the taxes paid for the years 1918, 1919 and 1920, but the court failed to allow taxes for 1917 or the taxes for the year 1914, for which the land was sold. It is not shown what the reasons of the court were for failing to make this allowance, but there is evidence to the effect that appellant's grantors, Bishop and Appleby, were in possession during the year 1918 and received as much as $150, rents and profits, which was more than sufficient to cover any outlay theretofore made by them in the payment of taxes. Appellant himself only paid the taxes for the years 1918, 1919 and 1920, and the court awarded him reimbursement for the amounts so paid.

Decree affirmed.