### BENHAM v. DAVIS.

4-5153

Opinion delivered July 11, 1938.

*E. L. Carter,* for appellant.

*R. Farmer Tackett, Woodrow H. McClellan* and *Isaac McCellan,* for appellees.

McHANEY, J. Appellant brought this action against appellees to cancel the state's tax deed issued to appellee, Davis, on January 6, 1937, based on a forfeiture and sale to the state in 1934 for the taxes of 1933 on the east half of lot 2 northeast section 6, 30.74 acres; lot 3 northeast section 6, 40 acres; and west part lot 4 northeast section 6, 9.39 acres, all in township 6 south, range 13 west. Numerous allegations were made in the complaint as to the invalidity of the sale to the state, all of which were denied in the answer. Trial resulted in a decree dismissing the complaint as to east half of lot 2 and lot 3, and sustaining it as to west part of lot 4 on the ground of a void description.

For a reversal of this decree, appellant contends that the tax sale was void and that the court erred in not so holding for the following reasons:

1. That the collector failed to attach the proper affidavit to the delinquent list. 2. That the county clerk failed to publish, as required by act 16 of the Acts of 1933, Special Session, approved August 5, 1933, the notice of sale of the delinquent real estate for taxes and his failure to record said notice before the day of sale. 3. That the clerk failed to keep a record of the lands sold to the state of Arkansas, for the delinquent taxes for the year 1933. 4. That there was a total failure to extend the state, county and school district taxes. And 5, that said act 16 of the 1933 Special Session is unconstitutional.

Considering these assignments in the order stated, and as to No. 1, that the collector failed to attach to the delinquent list the proper affidavit, we find that § 4 of said act 16 amends § 10082 of Crawford & Moses' Digest, and provides: "The collector shall, by the first Monday in November in each year, file with the clerk of the county court a list or lists of all such taxes levied on real estate as such collector has been unable to collect, therein describing the land or city or town lots on which said delinquent taxes are charged as the same are described on the tax books, and the collector shall attach thereto his affidavit to the correctness of such list. . . ."

The collector did attach his affidavit in the following form: "I, Paul J. Clark, sheriff and collector in and for Grant county, Arkansas, do hereby certify that the taxes as extended on the lands herein described for the year 1933, are due and unpaid, that due notice of the time and place of collection was given according to law.

"Given under my hand as sheriff and collector of Grant county, Arkansas, this the 5th day of November, 1934."

This affidavit was filed and sworn to before the clerk. The criticism made of this affidavit is that it does not state that it is a list of all such taxes levied on real estate as he has been unable to collect. That would be more nearly in the language of the act above quoted, but he does state therein "that the taxes as extended on the lands herein described for the year 1933 are due and

unpaid.'' We think this is a substantial compliance with the act. He filed the delinquent list with the clerk and he attached thereto the affidavit stating that the taxes on the lands therein described for that year were due and unpaid. As we understand it, that means the same thing as the exact language of the statute prescribes.

2. As to the second contention, the last paragraph of § 6 of said act, which section amends § 10085 of Crawford & Moses' Digest provides: ''This list of delinquent lands recorded as provided in § 5 hereof shall be attached thereto, by the county clerk, a certificate at the foot of said record, stating in what newspaper said notice of delinquent land sale was published and the dates of publication, and such record, so certified, shall be evidence of the facts in said list and certificate contained.''

Appellant says that this statute is unintelligible but, while it is somewhat involved, we think the meaning clear, and that is, that the clerk shall attach to the list of delinquent lands recorded, as provided in § 5, a certificate at the foot of the record, stating in what newspaper said notice of delinquent land sale was published and the dates of publication, and that such record so certified shall be received in evidence of the facts therein contained. The clerk complied with that requirement of the statute literally. The certificate is as follows: ''I, E. H. DuVall, clerk of the county court, do hereby certify that the foregoing notice of sale of delinquent lands, was printed and published in the Headlight at Sheridan, Grant county, Arkansas, on the 8th day of November, 1934, and the 15th day of November, 1934.

''Given under my hand and seal as county clerk on this 17th day of November, 1934.''

It is also said that the clerk failed to record the notice of sale before the day of sale. The sale was had on November 19th and the certificate of the clerk was dated November 17th, but, it is said, that the record discloses that it was not made up until the 19th day of November. We cannot agree with appellant in this contention as the clerk's certificate shows that it was done on the 17th day of November. Moreover, this is a very captious objec-

tion not tending in any way to the prejudice of the taxpayer or misleading him in any particular.

3. Under this assignment it is said that § 10092 of Crawford & Moses' Digest was not complied with in that the clerk is required to record "in a separate book, to be kept for that purpose, each tract of land or lot sold to the state, together with the taxes, penalty and costs due thereon." It is said that this record was not kept. The clerk testified that he took the record of the delinquent list to the sale and that when a tract of land was sold to an individual, he marked in the margin of the record the name of the party to whom sold, and when sold to the state, he marked in the margin of the record that it was sold to the state. · In *Leigh* v. *Trippe*, 91 Ark. 117, 120 S. W. 972, this court held, to quote a syllabus, that: "The requirement in Kirby's Digest, § 7092, that the county clerk shall keep a record of lands sold for taxes to individuals separate from the record of lands sold to the state is directory merely, and a sale of lands to the state for nonpayment of taxes is not rendered invalid by noncompliance with such requirement." What the clerk did, according to his testimony, was that he took the record in which was recorded the delinquent list and, as the sales were made, he wrote in the margin of that record to whom it was sold, on a line provided for that purpose. If it was sold to an individual, his name was inserted. If it was sold to the state, the record so showed. We think this is a substantial compliance with the statute as the record made in the manner stated by the clerk affords all of the information that would be obtainable from a separate list and the taxpayer could not be misled by the absence of, or the failure to keep, such separate list. As said in *Leigh* v. *Trippe, supra:* "It is the declared policy of our revenue laws to disregard technical irregularities in tax sales which are not prejudicial to the rights of the owner, and to require all proceedings to set aside sales on account of such irregularities to be instituted during the period allowed for redemption."

We, therefore, overrule this contention.

4. As to this contention that the clerk failed to extend the state, county and school district taxes in sepa-

rate columns provided for that purpose, we think the case is ruled by the recent case of *Lambert* v. *Reeves,* 194 Ark. 1109, 110 S. W. 2d 503, 112 S. W. 2d 33. The difference between that case and this is that in that there was no extension of taxes at all not even the total tax, whereas here, the total tax is extended, the amount of the penalty and the total tax, penalty and costs.

It is finally contended that act 16 of the Special Session of 1933, approved August 25, 1933, is unconstitutional in that it violates the due process clauses of the state and federal Constitutions. It is so contended because the act dispenses with the publication of the delinquent list. The question has been ruled adversely to appellant's contention in the case of *Matthews* v. *Byrd,* 187 Ark. 458, 60 S. W. 2d 909. It is said that this court did not pass upon the constitutionality under the due process clause of §§ 5 and 6 of act 250 of the Acts of 1933, and re-enacted in act 16 of the Special Session of 1933, because the court there used this language: "Standing apart and considered alone, we think §§ 5 and 6 are valid laws and within the power of the General Assembly to enact, and it is not contended that the provision for notice of delinquency to the property owners, there provided for, does not constitute due process of law. *Turpin* v. *Lemon,* 187 U. S. 51, 23 S. Ct. 20, 47 L. Ed. 70."

We think the holding in that case that §§ 5 and 6 are valid laws and within the power of the Legislature to enact necessarily held them to be constitutional from any viewpoint even against the contention now made that it does not constitute due process of law. Having settled the question in that case, we think it useless to discuss the question further in this case.

We find no error, and the decree is accordingly affirmed.