ANGELS *v.* REDMON.

4-5576                                          132 S. W. 2d 170

Opinion delivered October 16, 1939.

J. B. *Gillison* and J. R. *Yerger,* for appellant.

J. T. *Cheairs,* for appellee.

SMITH, J. A decree was rendered in the chancery court of Chicot county on April 6, 1936, confirming title in the state to lands acquired through forfeitures to the state for the nonpayment of taxes for various years. The proceeding was had under the authority of act 119 of the Acts of 1935, page 318. Among other lands embraced in the decree was fractional east ½ section 3, township 16 south, range 1 west, which had been sold and certified to the state in 1933 for the nonpayment of the taxes due thereon for the year 1932. At the time of the rendition of this decree the title to the tract of land described was in the John Hancock Mutual Life Insurance Company, which company, on April 2, 1937, conveyed the land, by quitclaim deed, to Sylvia Epstein, who later married one Angels, and on April 5th Mrs. Angels filed an intervention, in which she alleged her acquisition of the title to the land above-described, and that her grantor, the Insurance Company, had no knowledge of the pendency of the suit before the rendition of the decree. No affidavit to that effect was made by any representative of her grantor. In this intervention, Mrs. Angels alleged that the sale was void for the following reasons: "That said tax sale to the state and confirmation under said decree is void for indefinite de-

scription of said land, failure of the proper levying of the three-mill road tax, improper advertisement of sale by the sheriff and failure of the clerk to properly certify the tax records to the sheriff and issuance of warrant and other reasons.''

This intervention was filed pursuant to the provisions of § 9 of the act 119, which reads, in part, as follows: ''The owner of any lands embraced in the decree may, within one year from its rendition, have the same set aside insofar as it relates to the land of the petitioner by filing a verified motion in the Chancery court that such person had no knowledge of the pendency of the suit, and setting up a meritorious defense to the complaint upon which the decree was rendered. . . .''

The intervention contained no tender of the amount of taxes, penalty and costs for which the land was forfeited to the state, nor of the amount which would have accrued as taxes thereon had the land remained on the tax books, as required by § 6 of act 119.

Later, on September 2, 1937, Mrs. Angels filed a complaint, under the same case number which the original confirmation proceeding had borne, in which appellee December Redmond was named as defendant, in which she renewed and elaborated upon the allegations contained in her intervention which she had filed on April 2, 1937. At the time this complaint was filed, there was also filed an affidavit showing tender of taxes, etc., which had been refused. It was not recited when this tender was made; but it is not contended that it was made at the time of or prior to the filing of the intervention on April 2, 1937.

An amendment to the complaint was filed on January 7, 1938, renewing the allegations as to the invalidity of the tax sale; but neither the intervention, the original complaint nor the amended complaint contained any allegation to the effect that the tract of land herein described was not included in the list of lands which the state land commissioner had certified as having forfeited to the state, as required by § 5 of act 119, *supra*.

It is not questioned that the land here in litigation had forfeited and had been certified to the state in 1933 for the nonpayment of the 1932 taxes.

The case was submitted to and was heard by the court below upon an agreed statement of facts from which we copy the following relevant recitals. The land here involved was delinquent for the 1932 taxes, was sold to the state therefor, and the forfeiture was certified by the county clerk, December 13, 1935.

The confirmation decree was rendered under the authority of act 119 of the Acts of 1935, and included the land above-described. The intervention was filed April 2, 1937; but no affidavit of tender nor any tender was made to the clerk. However, on November 12, 1938, intervener made an actual tender of $174.75 (a sum sufficient in amount if the right to redeem exists), which tender was refused as not having been made in apt time.

The agreed statement of facts repeats the allegations of the intervention as to the defects in the tax sale, but proceeds to say: ''However, all of said pleas are waived except as to the invalidity of the warrant attached to the tax books, and Sylvia Epstein relies on no other grounds set out in her complaint or amendment to complaint; and it is agreed that the certified copy of the warrant made by the clerk may be read and exhibited in evidence.''

The warrant made by the county clerk, to which the agreed statement of facts referred, was offered in evidence. This is the warrant which the county clerk is required to make by § 10016, C. & M. Digest (which section, as amended, appears as § 13763, Pope's Digest) when the clerk delivers the tax books to the collector. It is conceded that this warrant was not made, nor was it attached to the tax books within the time required by law, and the effect of this omission was to make the tax sale invalid. It was so held in the cases of *Wildman* v. *Enfield*, 174 Ark. 1005, 298 S. W. 196, and *Stade* v. *Berg*, 182 Ark. 118, 30 S. W. 2d 211. But the purpose of the confirmation decree was to cure such defects, and if there is a valid confirmation decree, such is its effect.

See *Fuller* v. *Wilkinson, ante* p. 102, 128 S. W. 2d 251, and cases there cited. This being the only defect in the sale relied upon, the decree—which appears to be regular in all respects—has cured it.

Now, this was a defect which would have entitled Mrs. Angels to redeem had there been a compliance with the provisions of act 119 in that behalf. Section 6 of that act permits a landowner to intervene before confirmation and to defend upon the ground that the sale to the state was void for any reason, but requires the owner to "tender to the clerk of the court the amount of taxes, penalty and costs for which the land was forfeited to the state, plus the amount which would have accrued as taxes thereon had the land remained on the tax books . . ."

Section 9 of the act permits the owner to intervene within one year after the decree of confirmation has been rendered, provided the owner file "a verified motion in the chancery court that such person had no knowledge of the pendency of the suit, and setting up a meritorious defense to the complaint upon which the decree was rendered. The chancellor shall hear such defense according to the provisions of this act as though it had been presented at the term in which it was originally set for trial."

One of these provisions, as appears from the portion of § 6 of the act above-quoted, is that a tender of taxes be made. This was not done, and the right to redeem was properly denied for that reason, and this appeal is from that decree. The latest of the numerous cases relating to the necessity of tender is that of *Chronister* v. *Skidmore, ante* p. 261, 129 S. W. 2d 608.

As to the affidavit required by § 9 as to the lack of knowledge of the pendency of the suit, it may be said that we construe this statute to mean that the affidavit should be made by the person owning the land at the time of the rendition of the decree. Mrs. Angels purchased the land only four days before the expiration of the year next ensuing after the rendition of the decree, and her

lack of knowledge of the pendency of the confirmation proceeding was unimportant and is unaffected by the statute. It is true she made affidavit that her grantor, the Insurance Company, was unaware of the pendency of the suit; but this, at best, was only hearsay. The affidavit should have been made by the one who owned the land at the time of the rendition of the decree.

In making up the transcript, the clerk included "List of lands in Chicot county subject to confirmation under act 119 of the Acts of 1935," and has attached a certificate to the effect that the land here involved was not included in that list. It appears, however, that the certificate of the land commissioner was not offered in evidence at the trial, and counsel for appellant has this to say about it in the brief: "It was decided by us that we would not take any proof in support of the various allegations in the attack of the tax title and would waive them and rely simply on the invalidity on account of the warrant and the whole idea of the stipulation was to save taking of proof and to introduce the record by this stipulation. The stipulation was filed in good faith, and we certainly never regarded it as a trap." Counsel is candid enough to admit that he was unaware that the land commissioner had not certified the tract of land here in litigation as being delinquent.

It would, however, be a trap, notwithstanding the entire good faith of the parties, to permit this question to be now raised. It was by stipulation expressly waived and the cause was submitted to the court below on the sole question of the effect of the failure of the county clerk to make and attach a warrant to the tax books when they were delivered to the collector. Had this question been raised, and not waived, it might have been shown that the commissioner had made a supplemental certificate. It is stipulated that the land was delinquent, and was properly certified to the state, and it was not questioned that it was described in the notice published for six consecutive weeks, as required by § 3 of act 119.

Section 5 of act 119 requires the land commissioner to furnish this list of delinquent lands under his certifi-

cate, and provides that "Such certificate shall be all the proof that shall be required to show *prima facie* title in the state." But it is only *prima facie* evidence of delinquency. Whether other proof of delinquency could be considered is, for the reason hereinabove stated, a question not presented by this record.

The decree is correct and is, therefore, affirmed.