GOTTFRIED *v.* JOHNSON.

4-6791                                                    163 S. W. 2d 162

Opinion delivered June 22, 1942.

*W. J. Dungan,* for appellant.

*Ross Mathis,* for appellee.

McHANEY, J. Appellees are the widow and heirs at law of Rufus Johnson who died intestate on June 26, 1938. Intestate was the record owner of the 80 acres of land in controversy, described as south half, northeast quarter, section 2, township 5 north, range 2 west, in Woodruff county. Not having paid the taxes thereon for 1932, payable in 1933, the land forfeited for said taxes and was sold to the State, June 12, 1933. No redemption from said sale was made in the time provided by law, and, after the expiration of the two-year redemption period, the land was certified to the state in 1935. Suit was brought by the State in October, 1936, to confirm the State's title to this and other lands, which resulted in a confirmation decree on May 10, 1937. Thereafter, on November 2, 1937, appellant purchased said land from the state for a consideration of $81 and received a deed to same from the Commissioner of State Lands. Nine days later, November 11, 1937, said intestate, Rufus Johnson, filed a pleading in court styled "Motion for Intervention" in the confirmation proceeding in which he set up his ownership of the land, the confirmation decree based on the tax sale in 1933, and that the tax sale was void for the reason that the notice of the delinquent list of lands was not published as required by law. He also set up appellant's claim of title based on his deed from the State as aforesaid, and that the amount of taxes, penalty and costs and cost of redeeming amount to $9.24 (should be $49.24), which sum he had tendered appellant for a quit-claim deed, which was refused. He prayed an order set-

ting aside said confirmation decree and that he be permitted to redeem from the state. This pleading was not signed by anyone. Appended thereto was the form of an oath, as follows: "State of Arkansas, County of Woodruff. Comes Rufus Johnson and on his oath says that he believes that the statements of this motion are true and correct, and that he had no notice or knowledge of the pending of this action to confirm the title to said lands in the State of Arkansas until after the decree was made and entered therein. ........................ Subscribed and sworn to before me this 10th day of November, 1937. ......................... Notary Public." Neither he nor the notary signed in the blank spaces provided. On July 28, 1939, appellees filed an amendment to the "Motion for Intervention," above set out, in which they alleged that Rufus Johnson had no notice of the confirmation decree of May 10, 1937, and set up a number of additional grounds of invalidity of the tax forfeiture and sale of said lands in 1933; that they are the widow and six minor heirs of said Rufus Johnson; that appellee, Susie Johnson, brings this suit as the mother and next friend of said minors; and she prayed an order of revivor in her name as such. In the decree rendered the case was revived.

On January 8, 1940, appellant filed an answer to the intervention and amendment thereto in which he set up his deed from the State based on said confirmation decree and alleged that the intervener did not tender into court the amount necessary to redeem from the confirmation decree, within the time required by statute, or at all; that he failed to file a proper intervention as required by Act 119 of 1935, or at all; that he failed to file the affidavit as required by said statute and has in nowise complied with said act; and that it is too late to redeem from the confirmation decree. The answer denied all the allegations in the motion and amendment and asserted they did not set up a meritorious defense.

Trial resulted in a decree setting aside the confirmation decree as to the 80-acre tract of land here involved and holding that the tax sale was invalid for the reason that proper notice then required by law was not published, and the sale was set aside, the State's deed to

appellant was canceled, and the title was confirmed in appellees, heirs of Rufus Johnson, subject to the dower and homestead rights of appellee, Susie Johnson, the widow. The court also found that Jonas T. Dyson (now deceased) as attorney for Rufus Johnson tendered into court and has kept alive a tender of $49.24, which was the sum necessary to redeem said lands, being the amount of the taxes, penalty, interest and costs for which the said lands sold. This appeal followed.

To reverse this decree appellant first says that Rufus Johnson did not file the intervention or motion that is required by Act 119 of 1935 and cites *Angels* v. *Redmon,* 198 Ark. 980, 132 S. W. 2d 170, to sustain him in his construction of § 9 of said act. That section in part reads as follows: "The owner of any lands embraced in the decree may, within one year from its rendition, have the same set aside in so far as it relates to the land of the petitioner by filing a verified motion in the chancery court that such person had no knowledge of the pendency of the suit, and setting up a meritorious defense to the complaint upon which the decree was rendered. . . ."

We held in *Angels* v. *Redmon, supra,* that the affidavit required by § 9 of said Act 119, as to the lack of knowledge of the pendency of the confirmation suit should be made by the owner of the land at the time the confirmation decree is rendered and not by the subsequent grantee of the owner because such grantee's knowledge was unimportant, and that the grantee's affidavit that the grantor had no knowledge thereof was hearsay and did not meet the requirements of the statute. That holding while technical, is sound, but it is not controlling here. Rufus Johnson did file a pleading within the year allowed, setting up a meritorious defense and in the form of affidavit attached thereto stated that he had no knowledge of the pendency of the confirmation suit until after the decree was rendered. His attorney neglected to sign this pleading and he neglected to have Johnson sign the affidavit or oath, above copied, and neglected to have a notary or other officer attest same. Was this neglect fatal? We do not think so. The signing and attestation

were formalities and were no doubt the result of neglect or oversight. Our statute, § 1437 of Pope's Digest, provides: "Every pleading must be subscribed by the party or his attorney, and the complaint, answer and reply must be verified by the affidavit of the party to the effect that he believes the statements thereof to be true . . ." In *Coleman* v. *Bercher*, 94 Ark. 345, 126 S. W. 1070, construing this statute, this court held, to quote a headnote: "The primary object of the Code of Practice is the trial of causes upon their merits, and that the rights of suitors may not be sacrificed to technical mistakes, omissions or inaccuracies." It was further held, in construing what is now § 1463 of Pope's Digest, relating to amendments to pleadings at any time in furtherance of justice, that: "The omission of the plaintiff or her attorney to sign the complaint, and the omission of Hiner in the affidavit attached thereto to state that he was plaintiff's attorney, were mere formal defects or clerical mistakes which could not affect the rights of the parties in a trial on the merits of the case; and the motion to correct same, having been seasonably made, should have been allowed by the court as a correction of a mistake, under § 6145, Kirby's Digest (now 1463, Pope), and thus have cured the defect." This case has been subsequently followed, the latest being *State* v. *Midland Valley Rd. Co.*, 197 Ark. 243, 122 S. W. 2d 173, where it was said: "The pleadings of appellee were not verified, but this was a mere formal matter and if motion had been made the court would doubtless have required a verification."

So, here, the pleading filed, while styled a motion to intervene, was in effect an answer to the confirmation suit and a cross-complaint against appellant, and a notice was served on appellant on November 12, 1937, a notice for a restraining order, and that Rufus Johnson was filing an intervention in the Woodruff chancery court to set aside the decree of confirmation. Appellant did not make timely appearance in the action, but waited until July 20, 1939, more than a year after the death of Rufus Johnson, when he filed a motion to be made a party to intervention and a demurrer thereto on the ground that it did not

state a defense to the confirmation suit. No mention was made therein that the intervention and affidavit were defective because not signed and verified, but he waited until January 8, 1940, to file his answer in which he alleged the insufficiency of the intervention in the respects stated, and about six months after appellees had filed their amendment to the intervention which was properly verified. Moreover, appellant's demurrer was overruled July 20, 1939, and he was given five days in which to answer, but he waited until January 8, 1940, nearly six months. If appellant had promptly moved to dismiss the intervention, or at any time during the life of Rufus Johnson, the court would have doubtless required him to sign his complaint and execute the affidavit. By this long delay, we think appellant waived the defects complained of and that the requirements of § 9 of said Act 119 are no more binding and jurisdictional than the requirements of § 1437 of Pope's Digest. This requirement of § 9 of said act had been omitted from Act 423 of 1941 and was not effective when the decree herein was rendered. But assuming that the former act was the applicable law in this case, appellant waived the technical omissions by his delay.

Appellant also contends there was no proper order of revivor in the name of appellees. We cannot agree as the decree herein does revive the action in their names.

It is also argued that no meritorious defense was alleged. The original intervention alleged insufficiency of the publication of the notice of the delinquent list of lands—that it was not published as required by Act 16 of 1933 Special Session. Section 5 of said Act 16 of the special session of 1933 amends Act 250 of the 1933 regular session and requires a notice of the delinquent list as therein specified to be published and that the lands on said list will be sold at the time specified. It provides a form of notice to be used and the clerk is required to attach his certificate, at the foot of the record of said list, stating in what newspaper said notice was published and the dates of publication "and such record, so certified, shall be evidence of the facts in said list and certificate contained." This record was introduced and it failed

to show that the notice was published in any paper and the certificate of the clerk fails to show the statutory requirements. The certificate is "that the above is a true and correct copy of notice of delinquent tax sale appearing in the delinquent tax sale record for 1932, Vol. 2, p. 155." This was insufficient and the court properly found that it was.

The decree is accordingly affirmed.