CECIL *v.* TISHER AND FRIEND.

4-7264, 4-7265 consolidated.                    178 S. W. 2d 655

Opinion delivered February 21, 1944.

*J. F. Quillin,* for appellant.

*M. M. Martin* and *Hal L. Norwood,* for appellee.

HOLT, J.   These causes were consolidated below for trial, and have been again consolidated for consideration

on appeal. January 15, 1943, appellee, B. B. Tisher, sued appellant, Belton Cecil, alleging in substance that he (Tisher) was the owner in fee and in actual possession of two tracts of land in Polk county; that appellant, Cecil, claimed title to the land by virtue of tax deeds from the Polk county clerk dated December 30, 1942. Tisher further alleged that the tax deeds were null and void "for the reason that the clerk of the county court of Polk county failed to certify at the foot of the list of delinquent lands filed in his office by said tax collector that said list had been published in a newspaper as required by § 13848 of Pope's Digest of the Statutes of Arkansas; and because said clerk failed to certify the date on which said list was recorded and for the further reason that prior to the execution and delivery of said deeds to the defendant by the clerk as aforesaid, this plaintiff tendered and offered to the plaintiff a refund of all taxes, penalties and costs paid by him in the purchase of said lands and which tender was by the defendant refused." He prayed for a cancellation of the tax deeds to Cecil and that the title to the two tracts be confirmed and quieted in appellee.

In his answer, appellant denied that appellee owned the tracts of land in question; admitted that he, appellant, had obtained the clerk's tax deeds as alleged; that if any tender of taxes, penalties and costs were made, it was not made during the two-year period following the sale, and denied that appellee had the right to redeem. Appellant further alleged that if the matters and things pleaded by the appellee were true, they did not constitute grounds for cancelling appellant's deeds, and further pleaded limitation under the provisions of § 13883 of Pope's Digest as a bar to plaintiff's action.

Appellant, in a cross-complaint, alleged title through the clerk's deeds and prayed for denial of the relief asked by appellee and for confirmation of title in appellant.

On March 22, 1943, appellee, O. R. Friend, sued appellant, alleging that he was the owner and in possession of a tract of land in Polk county; that appellant claimed title to this land by virtue of a certain tax deed which appellee

alleged to be void for the reasons alleged in the Tisher complaint. Appellee's prayer in this suit was similar to that in the Tisher suit. The same issues are raised in this Friend complaint that are raised in the Tisher suit, and appellant says in his brief: "The O. R. Friend complaint and the defendant's answer and cross-complaint raised the same issues."

Upon a trial, the issues were determined in favor of appellees, and from the decrees these appeals are prosecuted.

At the trial of these causes, it was stipulated: "In the case of *B. B. Tisher, Plaintiff,* v. *Belton Cecil, Defendant,* No. 1847, it is stipulated and agreed by and between the parties thereto: that the clerk of the county court of Polk county failed to certify at the foot of the record of the list of lands returned delinquent, his certificate stating in what newspaper said list was published and the date of publication and for what length of time the same was published prior to the day of said tax sale.

"It is further stipulated that said tax sale was held on the 4th day of November, 1940, and that on the 12th day of April 1943, the clerk of the county court of Polk county who succeeded to said office on January 1, 1943, did attach to the foot of said record of list of lands returned delinquent a typewritten instrument in words and figures as follows:

"Clerk's certificate, State of Arkansas, county of Polk. I, W. Anders, county clerk of Polk county, Arkansas, do hereby certify that the above and foregoing list of delinquent real estate and notices of sale were duly published in the *Mena Star,* a weekly newspaper of general circulation published at Mena, in Polk county, Arkansas, said publication being for two weeks in succession on the 17th day of October, 1940, and October 24, 1940. Given under my hand and seal this 12th day of April, 1943. W. Anders, County Clerk. The same stipulation was filed in the Friend case."

On the record, it is undisputed that the clerk's certificate of publication of the notice of sale was not made prior to the sales of the tracts of land in question. Did

the failure of the clerk to attach his certificate at the foot of the record of the list of delinquent lands, stating in what newspaper said notice of delinquent lands was published, and the dates of publication prior to the dates of sale, void the sales here in question? We think the failure of the clerk to perform this duty as required by § 13848 of Pope's Digest did avoid these sales, and was a jurisdictional defect.

In *Hurst* v. *Munson,* 152 Ark. 313, 238 S. W. 42, this court said: "The attack of appellees and their predecessors in the action on the validity of the tax sale is based, among other things, on the ground that the clerk's certificate of the publication of the list of delinquent lands was not recorded as required by statute (Crawford & Moses' Digest, § 10085, now § 13848 of Pope's Digest) before the day of sale. . . . This court has decided that the certificate required by the statute cited above must be placed of record prior to the day of sale, otherwise the sale is invalid. *Logan* v. *Eastern Arkansas Land Co.,* 68 Ark. 248, 57 S. W. 798; *Hunt* v. *Gardner,* 74 Ark. 583, 86 S. W. 426. We have also held that the clerk's certificate thus recorded is the sole evidence of the publication of the list. *Hunt* v. *Gardner, supra; Cook* v. *Ziff Colored Masonic Lodge,* 80 Ark. 31, 96 S. W. 618. The record being the sole evidence, the facts cannot be proved by evidence *aliunde.*"

In *Hewett* v. *Ozark White Lime Company,* 120 Ark. 528, 180 S. W. 199, this court said: "Appellee was the owner of the land, and the only question involved is as to the validity of the tax sale, which is attached on the ground . . . because the clerk of the county court failed to make a certificate on the record of the delinquent list, as required by the provisions of § 7086 of Kirby's Digest (now § 13848 of Pope's Digest), 'stating in what newspaper said list was published, and the date of publication, and for what length of time the same was published before the second Monday in June then next ensuing.' The tax sale was void . . . This court has repeatedly held that the failure of the clerk to make the certificate provided for in § 7086 of Kirby's Digest is

fatal to the validity of the tax sale. *Martin* v. *Allard*, 55 Ark. 218, 17 S. W. 878; *Hunt* v. *Gardner*, 74 Ark. 583, 86 S. W. 426.''

This court, in *Laughlin* v. *Fisher*, 141 Ark. 629, 218 S. W. 199, said: ''The sale is void for another reason. In *Hunt* v. *Gardner*, 74 Ark. 583, 86 S. W. 426, it was held that under Kirby's Digest, § 7086, requiring the county clerk to record the list of delinquent lands with a notice and· a certificate stating in what newspaper said notice was published, the date of publication and for what length of time the same was published, failure of the clerk to record such list with notice and certificate before the day of sale invalidates all sales made by the collector on such day,'' and in the more recent case of *Hirsch and Schuman* v. *Dabbs and Mivclaz*, 197 Ark. 756, 126 S. W. 2d 116, this court said: ''Section 6 of Act 250 amends § 10085, Crawford & Moses' Digest, (now § 13848 of Pope's Digest). This amendatory section is not found in the published acts of 1933, but is set out in the opinion in the case of *Union Bank & Trust Co.* v. *Horne*, 195 Ark. 481, 113 S. W. 2d 1091, except, as there published, there is omitted the last paragraph of that section which reads as follows: 'The list of delinquent lands recorded as provided in § 5 hereof shall have attached thereto, by the county clerk, a certificate at the foot of said record, stating in what newspaper said notice of delinquent land sale was published, and the dates of publication, and such record, so certified, shall be evidence of the facts in said list and certificate contained.' . . . The effect of this amendatory § 6 is to make such a record more important than ever; indeed, under this amendatory section, such a record becomes indispensable. . . . The notice for which the act provides refers to the record where the delinquent lands are described, and the last paragraph of this § 6 requires that a certificate be made at the foot of that record stating in what newspaper the notice was published. . . . We conclude, therefore, that the requirement of § 10085, Crawford & Moses' Digest, that the clerk of the county court shall record said list and notice in a book to be kept by him for that purpose, has not been

dispensed with, and as that requirement was not complied with, the tax sale was void for that reason.''

We do not agree with appellant that the case of *Union Bank & Trust Co.* v. *Horne,* 195 Ark. 481, 113 S. W. 2d 1091, is controlling here. In that case, we said: ''The belated making of the certificate under the conditions stated wherein Act 142 does not apply (on the day of the sale and not before) adds another, not less fatal thrust at this tax title.'' Citing, among other cases, *Magness* v. *Harris,* 80 Ark. 583, 98 S. W. 362, and *Laughlin* v. *Fisher,* 141 Ark. 629, 218 S. W. 199.

Appellant next argues that the suits of appellees were barred by the statute of limitation, as provided in § 13883 of Pope's Digest. We think this contention is untenable. In construing § 7114 of Kirby's Digest, which is now § 13883 of Pope's Digest, this court, in the case of *Hewitt* v. *Ozark White Lime Co., supra,* held that the failure of the clerk to make the certificate as to the publication of delinquent lands is fatal to the validity of the tax sale and that the defect is not cured by the two years statute of limitation, and it is there said: ''Appellant relies upon § 7114 of Kirby's Digest, which provides, etc., . . . It has been held that that section does not apply to jurisdictional matters or vital defects in the proceedings relating to a tax sale, but only to irregularities. *Radcliffe* v. *Scruggs,* 46 Ark. 96; *Taylor* v. *Van Meter,* 53 Ark. 204, 13 S. W. 699; *Townsend* v. *Martin,* 55 Ark. 192, 17 S. W. 875. In the case last cited above, the court held that that statute had no reference to a defect in the publication of notice. In subsequent cases the court has construed the statute requiring the clerk to make certificate of publication as being for the benefit of the landowner so as to provide a definite and certain place to obtain information whether or not his land is to be sold, and that construction of the statute leads inevitably to the conclusion that the omission to comply with the statute is such a defect that it is not cured by the two years' statute of limitation prescribed in § 7114 of Kirby's Digest.''

In *Pride* v. *Gist,* 152 Ark. 368, 238 S. W. 35, this court after holding (Headnote 1.) ''Crawford & Moses' Dig.,

§ 10082 (now § 13845 of Pope's Digest) requiring the collector to file with the clerk 'by the second Monday in May in each year' a list of delinquent lands, is mandatory and jurisdictional; and failure to file such list within time renders void the sale for the taxes of that year," said "It is insisted, however, that the right to recover possession of the land does not follow an adjudication that the tax sale was void, for two reasons. First, that the cause of action is barred under § 10119 of C. & M. Digest (now § 13883 of Pope's Digest); second, that the cause of action is barred under § 6947, C. & M. Digest (now § 8925 of Pope's Digest). Section 10119, C. & M. Digest, provides that 'all actions to test the validity of any proceeding in the appraisement, assessment or levying of taxes upon any land or lot, or part thereof, and all proceedings whereby is sought to be shown any irregularity of any officer, or defect or neglect thereof, having any duty to perform, under the provisions of this chapter, in the assessment, appraisement, levying of taxes or in the sale of lands or lots delinquent for taxes, or proceedings whereby it is sought to avoid any sale under the provisions of this chapter, or irregularity or neglect of any kind by any officer having any duty or thing to perform under the provisions of this chapter, shall be commenced within two years from the date of sale, and not afterward.' This suit was instituted May 31, 1921, and it is apparent that more than two years had elapsed prior to its institution since the date of the tax sale. It is apparent also that two years and twenty-four days had elapsed between the date of the tax deed and the institution of the suit. . . . It has been several times held that § 10119, C. & M. Digest, does not apply to jurisdictional defects; and we hold herein that the requirement of the statute, that the delinquent list be filed by the second Monday in May, is jurisdictional, it follows that § 10119 has no application to a suit raising that question. *Hewett* v. *Ozark Lime Co.,* 120 Ark. 528, 180 S. W. 199; *Radcliffe* v. *Scruggs,* 46 Ark. 96; *Taylor* v. *Van Meter,* 53 Ark. 204, 13 S. W. 699; *Townsend* v. *Martin,* 55 Ark. 192, 17 S. W. 875; *Ross* v. *Royal,* 77 Ark. 324, 91 S. W. 178."

The court then held that the cause of action was not barred under § 6947 of C. & M. Digest (now § 8925 of Pope's Digest), for the reason that under this latter section, two years actual adverse possession by the holder of the tax deed was necessary to bar the action of the owner of the original title to recover the land.

In the instant case, it is conceded that the holder of the tax deed has never had possession of the tracts of land in question.

Finally appellant contends that appellees have failed to prove title to the tracts of land in question and that in order to prove title it was necessary for appellees "to plead and prove his title from the patent through the *mesne* conveyances down to himself."

Appellee, Friend, produced in evidence a warranty deed to the land in controversy executed to him by Rufus Friend and M. E. Friend on March 18, 1919. Appellee, Tisher, introduced in evidence a deed executed to him by C. O. Ward on January 7, 1940. Both deeds were recorded. Both of the appellees testified that they were the owners and in possession of the tracts of land involved and appellant offered no evidence to the contrary save the tax deeds on which he based his claims. We think this evidence sufficient to meet the final contention of the appellant.

In *McMillen* v. *East Arkansas Investment Co.*, 196 Ark. 367, 117 S. W. 2d 724, this court said: "It is true that . . . appellants did not deraign their title in their complaint or refer to a deed or other muniments of title, but they did allege ownership of the land and introduced proof to sustain the allegation. . . . In this character of suit we think all that is necessary to be alleged in the complaint is ownership and proof of ownership is all that is required to sustain the allegation. It was not necessary to set out in the complaint appellant's muniments of title or to make profert of them in the evidence."

Finding no error, the decree in each case is affirmed.

## On Rehearing

An *amicus curiae* suggests that § 5 of act 282 of the Acts of 1935 has repealed the requirement that the county clerk attach a certificate to the delinquent list of lands as recorded by him, showing in what newspaper the delinquent list was published and the dates of publication.

It is conceded by him that numerous tax sales were declared invalid through the failure to comply with this requirement and it is conceded also that § 5 of act 16 of the Special Session of 1933 (page 61) renewed and imposed this requirement, but the suggestion is that this section was repealed by § 5 of act 282. The argument is that this § 5 of act 282 purports to re-enact and to amend § 5 of the 1933 act and does so by omitting the last paragraph of § 5 of the Act of 1933, which reads as follows: "The list of delinquent lands recorded as provided in § 5 hereof shall be attached thereto, by the county clerk, a certificate at the foot of said record, stating in what newspaper said notice of delinquent land sale was published and the dates of publication, and such record, so certified, shall be evidence of the facts in said list and certificate contained."

We would hesitate to so hold unless act 282 was incapable of any other construction. This is true because if the requirement that the certificate be attached to the record has been repealed, then the requirement that the list of delinquent lands be authenticated by the signature of the clerk has also been repealed, as both requirements are found in this last paragraph of § 5 of the 1933 special act. Certainly, the General Assembly did not intend that no authenticated record should be made of land returned delinquent for the nonpayment of the taxes thereon.

Section 5 of act 282, which amends § 5 of act 16 of 1933, contains no requirements as to the certification and authentication of the list of delinquent lands, except that found in the last paragraph thereof, but § 4 of act 170 of the Acts of 1935 requires the county clerk to record in his office the list of land returned delinquent

by the county collector and publication of the notice of sale of land so returned delinquent is provided for by § 3 of act 170.

Neither act 170 nor act 282 refers expressly or by implication to the last paragraph of § 5 of the 1933 act above copied. It was contended in *Benham v. Davis,* 196 Ark. 740, 119 S. W. 2d 743, that act 16 of 1933 was unconstitutional, but we held against that contention. It was recognized, however, that there was apparently a *hiatus* in the law, which was explained as follows: "As to the second contention, the last paragraph of § 6 of said act, which section amends § 10085 of Crawford & Moses' Digest provides: 'This list of delinquent lands recorded as provided in § 5 hereof shall be attached thereto, by the county clerk, a certificate at the foot of said record, stating in what newspaper said notice of delinquent land sale was published and the dates of publication, and such record, so certified, shall be evidence of the facts in said list and certificate contained.' Appellant says that this statute is unintelligible, but, while it is somewhat involved, we think the meaning clear, and that is, that the clerk shall attach to the list of delinquent lands recorded, as provided in § 5, a certificate at the foot of the record, stating in what newspaper said notice of delinquent land sale was published and the dates of publication, and that such record so certified shall be received in evidence of the facts therein contained." See, also, *Anthony v. The Western & Southern Life Insurance Company,* 198 Ark. 445, 128 S. W. 2d 1014; *Thomas v. Branch, Sheriff,* 202 Ark. 338, 150 S. W. 2d 738, and *Gottfried v. Johnson,* 204 Ark. 552, 163 S. W. 2d 162.

In the case of *Hirsch and Schuman v. Dabbs and Mivelaz,* 197 Ark. 756, 126 S. W. 2d 116, the second headnote reads as follows: "The Legislature did not, in amending, §§ 10082, 10084 and 10085, C. & M. Dig., by act 250 of 1933, and act 16 of the Special Session of 1933, intend to dispense with the requirement that a permanent record be kept of lands returned delinquent, nor the requirement that the record be made prior to the sale."

It stands adjudged, therefore, that the delinquent list of lands must be recorded and that the clerk's certificate must be appended thereto, unless these requirements have been abolished by act 282. Does this act express any such intent?

The case of *Schuman* v. *Metropolitan Trust Company,* 199 Ark. 283, 134 S. W. 2d 579, announced in the first headnote the rule to be followed in answering that question, which reads as follows: "In construing statutes, it is the duty of the court to ascertain the intention of the Legislature, and this intention is arrived at by what the Legislature said; and in getting at the meaning from what they have said, it is proper to take into consideration not only the entire act in question, but other statutes on the subject." The opinion in the case of *Thomas* v. *Branch, Sheriff,* 202 Ark. 338, 150 S. W. 2d 738, is helpful in this connection.

Now § 5 of special act 16 made sufficient a notice of the sale of delinquent lands, which merely refers to the delinquent list of lands on file in the office of the county clerk, without requiring the delinquent lands to be otherwise described. Under § 5 of this act 16, it was provided that: "There shall be published once weekly between the first Monday in November and the third Monday in November, in each year, . . . , a notice to the effect that the delinquent lands, tracts, lots or parts of lots so entered in said delinquent land book will be sold, . . ." Section 5 of act 282 amends the § 5 of act 16 to read as follows: "Section 6. There shall be published once weekly between the fifteenth day of October and the first Monday in November, in each year, in any county publication qualified by law, a notice to the effect that the delinquent lands, tracts, lots or parts of lots so entered in said delinquent land book will be sold, etc. . . ."

This amended section from which we have just quoted, did not require a description of the delinquent lands to be contained in the notice of sale, neither did it require the clerk to record the list of delinquent lands and attach thereto the certificate required by the last

paragraph of § 5 of the act No. 16. This act 282 was approved March 28, 1935.

There was passed at the same 1935 session of the General Assembly another act, which is No. 170 and approved March 21, 1935, which sets out the form of notice of the sale of delinquent lands, and § 4 of this act 170 requires the county clerk to record the list of delinquent lands as returned by the collector. These acts 170 and 282 of 1935 left the law in a confused state as to whether the delinquent land should be separately described in the notice of sale or whether the notice of sale would be sufficient if reference only was made to the list of delinquent lands on file in the office of the clerk of the county court, as was provided in § 5 of special act 16.

It was pointed out in the opinion in the Thomas case, *supra,* that these acts 170 and 282 were in conflict, both as to the time and manner of publishing the delinquent list and as to the duties of the tax collectors in relation thereto. It was held that although § 5 of act 282 provided that ". . . a notice to the effect that the delinquent lands, tracts, lots or parts of lots so entered in said delinquent land book will be sold, . . ." , this provision, did not repeal the requirements of act 170, a prior act, that the notice of sale should describe the separate tracts of land to be sold and by parity of reasoning, we reach the conclusion that the General Assembly did not intend to abolish the duties of the county clerk to record the delinquent list, and his duty in this behalf required him to append at the bottom of the list a certificate "stating in what newspaper said notice of delinquent land sale was published and the dates of publication, . . ."

We conclude, therefore, that the law still requires the county clerk to record the delinquent list and to attach thereto a certificate stating in what newspaper the notice was published, and as that requirement was not complied with in the instant case, we reaffirm the holding that the tax sale was invalid.